E. K. RUSSELL V. W. M. TAYLOR, DISTRICT JUDGE, ET AL.

No. 6099.   Decided May 16, 1932.
(49 S. W., 2d Series, 733.)

*R. T. Bailey* and *Pat S. Russell,* both of Dallas, for relator.

*C. K. Bullard, McCormick, Bromberg, Leftwich and & Carrington,* all of Dallas, for respondent.

It is alleged that delay in the filing of the Dallas County suit which otherwise would have been filed first, was induced by representations made by the son and attorney of relator, that the checking of detailed data regarding the indebtedness was the only thing to be done before payment of the indebtedness in full; that such assurances of payment were fraudulently made in order to gain time within which to file the suit of Red River County, and were relied upon by this respondent and its attorneys until advised that some (but not all) of the indebtedness was disputed, being informed of this, however, only after the Red River suit was filed; whereupon respondent filed the Dallas County suit, obtained service of process and notice of preliminary injunction the same day against disposition of the mortgaged property before being advised of the Red River suit; by virtue of all of which relator is estopped from asserting his plea in abatement before the Dallas County Court, which accordingly holds the dominant jurisdiction of the parties and subject matter. Mitchell v. Allis-Chalmers Mfg. Co., 291 S. W., 1099;

Cavers v. Sioux Oil & Refining Co., 43 S. W. (2d) 578; Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063; Ricker, Lee & Co. v. Shoemaker, 81 Texas, 22.

Among other cases holding that such an intention is essential before a suit is in legal effect commenced, are the following limitation cases: Massie v. City of Ft. Worth, 262 S. W., 837; Austin v. Proctor, 291 S. W., 702; Bering Mfg. Co. v. Carter, 255 S. W., 243.

And also the following cases, not involving limitation, but involving pleas in abatement: Wright v. Wright, 285 S. W., 909; Long v. Long, 269 S. W., 207; Camp v. First Natl. Bank of Alpine, 195 S. W., 217.

The Honorable W. M. Taylor, Judge of the 14th Judicial District Court, answered as respondent, *in pro per.*

MR. PRESIDING JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

This is an original proceeding filed in the Supreme Court by the relator, E. K. Russell, asking permission to file an application for a writ of prohibition, and an injunction against the Honorable W. M. Taylor, Judge of the 14th Judicial District of Texas, Dallas County, and Texas Cotton Growers Finance Corporation. The Supreme Court having granted the application to file the petition, the same was filed December 23, 1931. The matters in dispute between the real litigants, in so far as it is necessary for us to decide, involve the question whether the district court of the 14th Judicial District, of which the respondent, Honorable W. M. Taylor is judge, or that of the 102d Judicial District, of which the Honorable R. J. Williams is judge, first acquired jurisdiction of the subject matter of this case. The relator resides in Red River County and the respondent, Judge Taylor, as well as the co-respondent corporation, have their legal residence in Dallas County, Texas. The notes sued on by the respondent corporation were payable in Dallas County. The relator filed the suit in Red River County and in the 102d Judicial District, against the respondent, Texas Cotton Growers Finance Corporation, as well as some other parties, on the 24th day of November, 1931, the main purpose of which apparently was to cancel the above mentioned evidence of indebtedness held by the respondent corporation, against the relator on the ground that the indebtedness represented by them had been paid. However, it seems that no citation was issued immediately, because the clerk was instructed at the time the petition was filed not to issue the citation until

directed to do so. A few days later, and before any citation was issued in the suit filed in Red River County, the Texas Cotton Growers Finance Corporation filed a suit in the 14th Judicial District Court at Dallas against E. K. Russell and others, though E. K. Russell was the principal defendant, based upon the claim that these evidences of indebtedness held by the corporation and described in the Red River suit, wherein the Texas Cotton Growers Finance Corporation, in the Dallas County suit, asserted in substance that these debts thus evidenced were valid, due and unpaid, and sought to foreclose certain liens on certain property belonging to the relator, E. K. Russell, in which it is alleged that certain other parties had some interest, though inferior to that of the corporation. Citation was immediately issued and served in the suit filed in Dallas County. By an amended petition the corporation, plaintiff in the Dallas County suit, sought to have a receiver appointed of the property described in its petition. In the meantime the Honorable W. M. Taylor, Judge of the 14th Judicial District, issued an injunction against E. K. Russell and his attorneys, enjoining them from disposing of the property on which the corporation claimed it had a valid lien to secure a just debt. The relator then filed a plea in abatement in the 14th Judicial District Court asking that that suit be abated on the ground that the Red River District Court had exclusive jurisdiction, and that the Dallas County District Court did not have jurisdiction to determine the matters in controversy, under the facts stated in the plea. The plaintiff in the suit filed in the Dallas County District Court filed a sworn reply to this plea in abatement, setting up what, in effect, is a plea in bar to the plea in abatement.

On January 2, 1932, the Supreme Court entered the following order:

"It is ordered by the Supreme Court that the Honorable R. J. Williams, Judge of the 102d. District Court of Red River County, Texas, and the Honorable W. M. Taylor, Judge of the 14th District Court of Dallas County, Texas, be, and they are hereby restrained from entering any further orders in the following named suits pending in their respective courts, to-wit:

"Cause No. 16935, E. K. Russell v. Texas Cotton Growers Finance Corporation, on the docket of the District Court of Red River County, and Cause No. 96701-A, Texas Cotton Growers Finance Corporation v. E. K. Russell, pending in the District Court of Dallas County, Texas.

"This restraining order will remain in force and effect until the further orders of the Supreme Court made in Cause No.

6099, E. K. Russell, Relator, v. W. M. Taylor et al., Respondents, pending in the Supreme Court.

"This order is made in order to maintain the jurisdiction of the Supreme Court over the parties and subject matters involved in the above named and styled mandamus suit."

The respondent, Honorable W. M. Taylor, on February 12, 1932, filed in this cause, his answer, which is as follows:

"Records of the District Court of Dallas County for the 14th Judicial District of Texas show that there is pending in such court a suit numbered 96701-A on the docket thereof, styled Texas Cotton Growers Finance Corporation v. E. K. Russell, et al., the records further show the following with reference to such suit:

"(a)  Plaintiff's original petition filed November 28th, 1931, with restraining order then issued.

"(b)  Plaintiff's first amended original petition filed, and order to show cause why receiver should not be appointed then entered, on December 10th, 1931.

"(c)  Plea in abatement of defendant, E. K. Russell, filed December 14th, 1931.

"(d)  Plaintiff's second amended original petition filed December 15th, 1931, and restraining order therein issued.

"No other pleadings have been filed or orders entered, excepting that pursuant to process issued on numerous other defendants, pleadings by them have been filed.

"Until I was advised that a motion for leave to file an application for a writ of prohibition was filed in the Supreme Court relating to the matter, my attention had not been called, by any of the attorneys of record in the cause, to the plea in abatement above mentioned. No request had been made by any such attorneys of record of me, either that the plea in abatement be heard, or that the hearing be postponed, nor had any request been made that the hearing set on December 10th for the 26th day of December on the order to show cause why a receiver should not be appointed be postponed, or be heard prior to or after a hearing on the plea in abatement. No question as to which hearing would be had first was presented to me by any attorney in the case.

"Since first advised of the filing in the Supreme Court of motion for leave to file an application for a writ of prohibition I have deferred taking all action on the plea in abatement, on the order to show cause why a receiver should not be appointed and on the injunctive relief sought; Further proceedings on these matters will be taken only after the jurisdiction of the

Supreme Court has been exercised and then pursuant to any instructions that it may issue. In the absence of instructions and on motion to such effect, I will continue to hold in its present status the order to show cause as to the receivership relief, and the preliminary restraining order heretofore entered, determining first the plea in abatement filed by the defendant, E. K. Russell."

The respondent, Texas Cotton Growers Finance Corporation, in the application, which in part is the basis of the foregoing order made by the Supreme Court, stated certain facts under oath to the effect that while the respondent, Taylor, did not intend to take any further action in the matter until the Supreme Court had passed upon it, that the Honorable R. J. Williams, Judge of the 102d Judicial District Court, was threatening to proceed with the trial of the case on his docket. The respondent, Texas Cotton Growers Finance Corporation, has filed with the Supreme Court certain statements, which we find supported by the record, to-wit:

"On November 14th, 1931, this respondent, having placed the notes and chattel mortgages executed by relator in the hands of its attorney for immediate suit, made demand for payment by relator, who, acting by and through his son and attorney, gave assurance of payment, asked for an itemization of the indebtedness and the security therefor, and asked for and obtained time within which to check the itemization. The itemization being furnished on November 16th, such assurances were then repeated, and were again repeated on November 21st and November 23rd; respondent continued to rely on such assurances of payment, postponing the suit which would have been filed in Dallas County before this otherwise; that having induced such reliance relator filed a suit in Red River County, Texas, for cancellation of the notes and mortgages on November 24th, 1931; that instructions were given to the clerk at the time relator's suit was filed, however, that no process issue pending further instructions. Thereafter, the attorney for relator having advised the attorney for this respondent for the first time that some (but not all) of the indebtedness claimed by respondent was disputed, respondent immediately caused the suit which had been held in abeyance meanwhile to be filed in Dallas County, Texas, on November 28th, on the notes and mortgages, and process thereon, including citation and notice of a temporary injunction restraining the disposition of the mortgaged property, was served on relator on the same day at his home in Red River County.

"Thereafter, respondent learned for the first time of the institution of the suit in Red River County, Texas, and its attorney was also advised, upon inquiry of the District Clerk of Red River County that in the suit, on file in that court for then more than two weeks, no process had yet issued because of instructions by relator's attorney that none issue until otherwise instructed. Thereupon, by amended petition in the Dallas suit, a receivership was prayed for and on proper showing order was entered requiring relator to appear on December 26, 1931, then to show cause why a receiver should not be appointed, this being on December 10, 1931.

"On December 14th, 1931, relator filed a plea in abatement in the Dallas suit, asserting the prior pendency of the Red River suit, and, dictated on the same afternoon, and filed on the following day, this respondent filed a second amended petition in which an injunction was sought, restraining relator from further prosecuting the Red River County suit and detailing the grounds for a denial of relator's plea in abatement in the Dallas court, substantially as detailed in the answer to which plea in abatement which is a part of the answer of this respondent filed in this court.

"Thereupon relator having, of course, the right to demand that the Dallas court first proceed to determine his plea in abatement before proceeding with the hearing on the prayer for the appointment of a receiver, or with the granting of any other relief, instead of making any demand of the Dallas court, filed in this court a motion for leave to file an application for writ of prohibition. The writ prayed for in the application and the only writ yet prayed for, insofar as this respondent is advised, in that the District Judge of Dallas County: 'be restrained from exercising any jurisdiction over the parties or subject matter in said action until after hearing has been had in due order on the plea in abatement, and particularly that he be restrained from hearing the application on receivership and the application to make injunction permanent * * * until such plea in abatement has been acted on by said court * * *'

"The writ prayed for is for an order directing the hearing of preliminary pleas in the Dallas court in an order to which this respondent was not then objecting, and has not since objected to; the writ is for an order directing the District Judge to hear the plea in abatement before proceeding with hearings for which he had fixed a date certain, but without any appeal to that court for the prior hearing of the plea in abatement, or the deferring of the other hearings until the plea in

abatement could be heard. No order by this court, referring the determination of the plea in abatement to the Dallas District court, the jurisdiction of which relator himself invoked for the determination of the plea in abatement, is necessary; the extraordinary process of this court by writ of prohibition should not have been invoked by relator, and should not now be exercised when so easy and normal a recourse was available to him, and was untried, of urging the Dallas court to determine the plea in abatement first.

"On January 2nd, 1932, this court having informally expressed its opinion through its clerk that no action should be taken in the Dallas court until this court shall have determined what action it would take, and this informal restraint being respected by the Dallas court, and by this respondent, this respondent applied for and obtained from the court an order restraining the Judges of the Red River County court and the Dallas County court from entering any further orders pending further order of this court; this application was deemed necessary by this respondent for the reasons detailed in the application—in brief, an inability to obtain assurances that prejudicial action might not meanwhile be taken in the Red River county suit.

"Motion of this respondent that the cause be advanced on the docket of this court having been granted, the issues before this court are now presented on the application for writ of prohibition with the exhibits attached to it, including this respondent's second amended petition in the Dallas County suit, and relator's plea in abatement in that suit, and on this respondent's answer incorporating in it its answer to the plea in abatement as filed in the Dallas County suit. This record presents in more detail a history of the litigation stated briefly above.

"Grounds for denial of the plea in abatement as asserted in the answers thereto filed by this respondent, are rested (with one exception) on averments of fact. Since a denial, as a matter of law, to the averments of fact set forth in the answer to the plea in abatement is afforded to relator by statute, we assume that the record discloses that there are issues of fact which must be determined by the trial court in Dallas County, jurisdiction of which has been invoked by relator for such purpose, in determining the plea in abatement. A determination of the plea in abatement by this court, of course, has not been prayed for by either party; nor, since issues of fact are involved, could this court determine the plea in abate-

ment in any event. In its answer filed in this court, however, this respondent asks that this court, in referring the determination of the plea in abatement to the Dallas County court, give such instructions concerning the questions raised in this record as to it shall seem proper."

It is apparent that there is pending for disposition before the respondent, Honorable W. M. Taylor, Judge of the 14th Judicial District Court, a plea in abatement filed by the relator to which answer has been made by respondent corporation, which raises issues of fact, which facts can only be determined by the judge of the 14th District. Should those issues of fact be determined in favor of the relator it must be assumed that the judge of that court will properly declare the law based upon findings of fact so ascertained. It appears that while the relator's suit was first filed in Red River County the respondent corporation claims that its suit would have been filed in Dallas county prior to that date, but for the fraud practiced upon it by the attorney representing the relator, in the manner and form as is related in the statement heretofore copied. It also appears that the respondent corporation claimed while the petition of the relator was filed on the 14th day of November, 1931, that no citation has been issued until after the respondent corporation filed its suit in Dallas County and that the delay in issuing citation on the relator's suit was the result of instructions given the clerk of the District Court of Red River County by the relator or his attorney.

■ We will discuss these two propositions separately and in the order mentioned, and without comment, it is only necessary to quote from Mitchell v. Allis-Chalmers Manufacturing Co., 291 S. W., 1099, wherein Presiding Judge Harvey, for Section A of the Commission of Appeals, after holding that if a plea in abatement may be waived by not being filed, then as a corollary a party may become estopped from urging abatement of the suit if sufficient grounds are shown on which to base an estoppel, by saying:

"If a proposed plaintiff contemplates bringing suit immediately in a given court in which he has the right to bring it, and the proposed defendant, knowing of such intention of the proposed plaintiff, fraudulently induces him to postpone the filing of his suit—the proposed defendant purposing at the time to take advantage of the delay thus fraudulently obtained to forestall the plaintiff's contemplated suit by another suit in different county—the plainest principles of equity and fair

dealing require that such defendant be estopped from asserting, as ground for abatement, the pendency of the suit so filed by him in consummation of his fraud. In such a case, then the proposed plaintiff filed his suit in the court in which he so contemplated bringing it, such court takes and holds the dominant jurisdiction over the parties and subject matter of the suit, for the reason the defendant will not be permitted to defraud the plaintiff of the benefits of the full and unhampered jurisdiction of that court which, in good conscience, he is entitled to enjoy.

"In the instant suit the notes held by the Allis-Chalmers Company were payable in Potter County. In the absence of the pendency of a prior suit involving the same parties and subject matter, instituted by the defendant, Mitchell, in another jurisdiction without deceit having been practiced on the company for the purpose of defeating such right, the said company had the right to bring its suit on the notes in the District Court of Potter County. The defendant, Mitchell, undertook to defraud the company of this right in the manner shown. He should not be permitted to avail himself of the fruits of his fraud." Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063; Conn et al. v. Campbell, District Judge, 119 Texas, 82, 24 S. W. (2d) 813.

■ It is alleged by the Respondent corporation that the Relator had no intention when he filed his suit in the 102d Judicial District Court that the process of the court should be immediately issued and served upon the defendants in that suit, but on the contrary that it was the intention of the Relator merely to file his petition in that court with the view of preventing the Respondent corporation from filing its suit against him in any district court in Dallas County. It is true that a suit is commenced when a petition is filed, with a bona fide intention on the part of the plaintiff to obtain service and prosecute the suit, but where there is an issue made as to whether this intention was bona fide, if the court has the authority to decide this question of fact, that there was no such bona fide intention on the part of the plaintiff to obtain service and prosecute the suit, it logically follows that the mere physical filing of a petition without such bona fide intention, is not the commencement of a suit such as the law contemplates. Ricker-Lee & Co. v. Shoemaker, 81 Texas, 22; Massie v. City of Fort Worth, 262 S. W., 837.

■ In Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063, Chief Justice Cureton has written at length on the power and author-

ity of the district court to direct the judge of one district court to proceed with the trial of the case there and issue all orders necessary to enable him and the parties litigant to do so, unhampered by the orders of any other court, trial or appellate, and in view of that fact we deem it unnecessary to discuss at length in this case, the legal principles involved. In Cleveland v. Ward, supra, which involved the jurisdiction of the District Court of Johnson County, to proceed with the trial of the case, this jurisdiction of that court was apparent upon the face of the record, and also unchallenged by any question of fact which made the jurisdiction of that court dependent upon a determination of a question of fact, and so the Supreme Court held in that case that the District Court of Johnson County had acquired, under the statute, exclusive jurisdiction of the subject matter, and of the parties, before the suit had been filed in a District Court of Dallas County, and held that the District Court of Johnson County had exclusive jurisdiction, and ordered the suit filed in the District Court of Dallas County to be abated. The decision in Conn et al. v. Campbell, District Judge, 119 Texas, 82, 24 S. W. (2d) 813, where the material facts are very similar to those in the case of Cleveland v. Ward, supra, is to the same effect, that is to say, it appearing that the District Court of Harris County had acquired jurisdiction of the subject matter, and of the parties litigant, the subsequent suit filed in the District Court of Orange County, and all proceedings had therein, were void on account of the fact that the District Court of Orange County did not acquire any jurisdiction either of the subject matter, or of the parties litigant. In other words, the records in both cases discussed, Cleveland v. Ward, supra, and Conn et al. v. Campbell, District Judge, supra, affirmatively show, without dispute, that the district court, in which the cases were first filed, had jurisdiction of the subject matter and of the parties litigant, and in consequence of this fact the district courts of the counties in which the suits were afterwards filed did not acquire any jurisdiction either of the subject matter, or the parties litigant, and all orders made were void, because of this want of jurisdiction (Way & Way v. Coca Cola Bottling Works, 119 Texas, 419), but in this case there is a question of fact presented, which the Supreme Court has not the power to decide, and of necessity some trial court, having jurisdiction of the subject matter, and of the parties litigant, must determine the facts put in issue by the pleadings.

█ In the case at bar it appears that the District Court of the

14th Judicial District in Dallas County has all the parties in interest before it, though it further appears that the 102d District Court in Red River County had filed therein the suit previous to the filing of the suit in the 14th Judicial District Court in Dallas County, and under the authority of Cleveland v. Ward, supra, the 102d Judicial District Court of Red River County would be held to have first acquired jurisdiction of the subject matter of the suit, but for the situation presented by the filing of the plea in abatement in the 14th Judicial District Court in Dallas County, and the reply thereto, which involves questions of fact determinable only by the trial judge in the 14th Judicial District Court in Dallas County, which questions of fact are necessary to be finally determined by the judge of the latter named court before the question of dominant jurisdiction in one or the other of the said courts can be determined, and in this respect the case at bar differs in its facts from that of Cleveland v. Ward, supra, and Conn et al. v. Campbell, District Judge, supra.

The relator has the right to have his plea in abatement sustained by the trial judge of the 14th Judicial District Court in Dallas County, unless the respondent corporation, upon the trial before the judge of the 14th Judicial District Court in Dallas County shall be able to sustain its allegations of fact heretofore stated, in which event the law would compel the judge of the 14th Judicial District Court to overrule the relator's plea in abatement, which would have the effect to give to the 14th Judicial District Court in Dallas County dominant jurisdiction of the case, though it would not necessarily follow that this action would have the effect to abate relator's suit filed in the 102d Judicial District Court in Red River County, but it would have the effect to postpone any action in that case by the court until the final judgment had been rendered in the case filed in the 14th Judicial District Court, for the reason that while the judge of the 14th Judicial District Court of Dallas County would have the exclusive authority to pass upon these questions of fact, its action would be subject to review upon appeal to the proper appellate court, which appellate court might possibly reach the conclusion that under the facts the District Court of the 102 Judicial District in Red River County had acquired dominant jurisdiction over the case before the suit was filed in the 14th Judicial District Court in Dallas County.

We therefore recommend that so much of the order entered by the Supreme Court on January 2, 1932, in this case as restrains the Honorable W. M. Taylor, Judge of the 14th Ju-

dicial District Court of Dallas County, Texas, be set aside, but that so much of said order as restrains the Honorable R. J. Williams, Judge of the 102d Judicial District Court in Red River County, be continued in full force and effect, to be subject, however, to immediate dissolution without further order in the event the judge of the 14th Judicial District Court of Dallas County shall sustain relator's plea in abatement, and that the respondent, Texas Cotton Growers Finance Corporation, shall not prosecute, in due course, successfully, an appeal from such order sustaining said plea in abatement. We further recommend that an order be entered by the Supreme Court directing the disposition of the plea in abatement filed by relator by the judge of the 14th Judicial District Court in Dallas County, after hearing the testimony pertinent to the issues of fact presented by the answer of the respondent corporation to the relator's plea in abatement. We further recommend that no order be entered by either trial court in this case, until such determination of the plea in abatement be had, and that thereafter the proceedings in both cases, that is to say, the case pending in the 102d Judicial District Court in Red River County, and the case pending in the 14th Judicial District Court in Dallas County, shall be in consonance with such determination of such plea in abatement as the 14th Judicial District Court of Dallas County shall conclude, under the law and the facts, subject, of course, to such review by appeal, or other proper method, to the Court of Civil Appeals, subject also to such disposition as the Supreme Court might make of the case, should a writ of error be successfully prosecuted to said court. We further recommend that the case filed in the 102d Judicial District Court in Red River County shall remain upon the docket of said court to await the rendition of a final judgment in the case filed in the 14th Judicial District Court in Dallas County, subject, however, to the right of the relator to dismiss, in the absence of a filing of an answer asking affirmative relief by opposing parties, should he see fit to do so. We further recommend that the judgment of the Supreme Court be certified to all parties for observance. And we further recommend that the cost of this proceeding shall be charged against the relator, E. K. Russell, and against the respondent, Texas Cotton Growers Finance Corporation, in equal amounts thereof.

Writs of prohibition refused and granted, as recommended by the Commission of Appeals.

C. M. CURETON, Chief Justice.