RATHBUN v. BOYD, District Judge, et al.
No. 11332.

Court of Civil Appeals of Texas. Galveston.
Oct. 30, 1941.

C. W. Croom, all of Houston, for relator.

Cunningham, Ward & Cunningham, of El Paso, and Fahey & Cooper, of Houston, for respondents.

CODY, Justice.

This is an original proceeding in this court relating to an alleged conflict of jurisdiction between the District Courts of Harris and El Paso Counties.

The relator seeks a writ of mandamus against the Honorable Ewing Boyd, Judge of the 55th District Court of Harris County, a writ of prohibition against the Honorable David E. Mulcahy, Judge of the 41st District Court of El Paso County, and an injunction against Beatrice P. Rathbun, wife of relator. In the interest of brevity and clarity, relator will hereinafter be referred to as the husband, and respondent Mrs. Rathbun will be referred to as the wife. Only so much of the proceedings had in the trial courts, respectively, as will make clear our holding will be given.

On June 13, 1941, the husband filed his original petition for divorce in the district court of Harris County against his wife, making therein the necessary allegation that he had resided in Harris County for six months next preceding the filing of his petition. This suit was answerable on July 14, 1941.

On June 26, 1941, the wife filed her plea in abatement in the Harris County suit, alleging that the husband had not resided in Harris County for six months next preceding the filing of his petition, and that under Article 4631, Vernon's Ann.Texas Statutes, he could not maintain his suit in Harris County.

On July 15, 1941, the husband filed his first amended original petition in said suit, and on the same day the issue made by the wife's plea in abatement and the husband's contest was tried before a jury, and resulted in a mistrial.

On July 28, 1941, the wife, as plaintiff, filed her petition for divorce against the husband as defendant in the district court of El Paso County, and on the same day, the Honorable David E. Mulcahy made the following order:

"In Chambers: This, the 28th day of July, A. D. 1941, the above and foregoing petition having been presented to me, wherein it is asked that this cause be set for hearing upon application for the fixing of alimony, attorney fees and allowance for expenses in the prosecution of this suit, it is, therefore, the ORDER of this Court that the defendant be notified to appear in the court room of the 41st District Court, El Paso County, Texas, at 10 o'clock a. m. on the 7th day of August, 1941, to show cause, if any he has, why an order should not be made and entered requiring him to pay to plaintiff alimony pending this suit, reasonable attorney fees, expenses for the prosecution of this suit, and any other order that the court may deem necessary.

"(Signed) David E. Mulcahy, Judge".

On August 4, 1941, the husband filed in the Harris County suit his application for temporary injunction restraining the wife from prosecuting the El Paso County suit, and on the same day writ for said injunction duly issued.

On August 8, 1941, the wife received notice of aforesaid temporary injunction, and with knowledge of its issuance the Honorable David E. Mulcahy proceeded with the hearing for alimony and attorney's fees.

On August 11, 1941, the husband, as defendant in the El Paso suit, filed a plea in abatement, which could not be passed upon until term time which began in September.

On the 16th of August, 1941, the wife filed her answer to the injunction proceeding in the Harris County suit, and motion to dissolve same, and same was heard on the 18th of August, and the court found the suit was instituted in Harris County in good faith and not for the fraudulent purpose of giving the district court of Harris County jurisdiction, and the injunction was continued in force.

On August 13, 1941, the wife applied for a temporary writ of injunction in the El Paso County suit to restrain the husband and his attorneys from proceeding further with the Harris County suit, which was granted, and, as stated by the husband, the notice thereof was served upon him on the 18th day of August after the hearing mentioned immediately next above.

The husband has made the sworn allegation in his pleading, and it is not denied by the wife, that the Honorable Ewing Boyd will not proceed to trial and judgment in the Harris County suit. In view of the fact that if he ordered the husband to trial he would thereby subject him to a contempt proceeding, his unwillingness to proceed to trial and judgment is understandable.

It is the wife's contention that we are without jurisdiction to render the relief requested by the husband, and she bases her contention on the holding by the Dallas Court of Civil Appeals in the case of Texas Employers Ins. Ass'n v. Kirby,

150 S.W.2d 123, and upon the same case when it was presented to the Supreme Court, opinion reported in 152 S.W.2d 1073. The Supreme Court, though without appellate jurisdiction over said case (Alexander v. Meredith, 152 S.W.2d 732, and cases there cited), expressed approval of the holding by the Dallas Court. It is settled law, therefore, that we are without jurisdiction to issue writs of prohibition or injunction in a matter not otherwise before this court, unless such writs are sought for the purpose of protecting or enforcing a judgment or the jurisdiction of this Court. The husband, as relator, seeks in addition to said writs of injunction and prohibition, a mandamus to require the court to proceed in the Harris County suit. If the husband and wife observe the injunctions which are in force against them respectively, it is apparent that a judicial stalemate is reached whereby the wife cannot safely proceed in the El Paso County proceeding, and the husband likewise cannot safely proceed with his suit in Harris County. In the Kirby case, cited supra, the Dallas Court of Civil Appeals did not hold that Courts of Civil Appeals may not issue a writ of mandamus to compel a judge of the District or County Courts to proceed to trial and judgment, and Article 1824, Vernon's Ann.Texas Statutes, expressly confers such jurisdiction upon Courts of Civil Appeals. And where Courts of Civil Appeals have the power to issue writs of mandamus they have the correlative authority to make all other orders, including those for writs of prohibition and injunction, to protect and make efficacious the exercise of the power of issuing writs of mandamus; see Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, where the Supreme Court employs similar language with respect to its power of issuing writs of prohibition. In the last-cited case at page 26 of 116 Tex., at page 1074 of 285 S.W., the court says: "True the Court of Civil Appeals at Dallas, * * * had the power to direct a district judge to proceed to judgment, and authority to issue necessary writs to protect him in its exercise. Vernon's Ann.Civ.St. Arts. 1823, 1824. But they are without authority to do so when the exercise of the power would necessarily conflict with a right of review confided to another Court of Civil Appeals, as in this case. Courts of Civil Appeals are courts of co-ordinate jurisdiction within the limits of their respective districts, and no one of them has authority to set aside, annul, or vacate an order made by another, or review causes confided to another."

■ Since Judge Boyd has refused to proceed to trial and judgment in the Harris County suit, we have jurisdiction to issue a writ of mandamus to require him to do so—a jurisdiction which we would not exercise unless at the same time we issued such necessary writs to prohibit conflicting proceedings in the El Paso County suit. The issuance of a writ of prohibition to the district court of El Paso County which will save to the El Paso Court of Civil Appeals its right to review the proceedings of the El Paso County suit is within our jurisdiction.

■■ It is clear that both the Harris and El Paso County district courts cannot have jurisdiction at the same time to try this case. The Harris County suit was filed first. And if the allegations in the petition filed in the Harris County suit are true, to the effect that the husband had resided in Harris County for six months next preceding the filing of his petition, then, by the filing of the petition in the Harris County district court and prompt issuance of process thereon, the Harris County district court acquired jurisdiction to try the suit. It is "the general rule in this state that where a suit has been first filed in a court of competent jurisdiction, and such court has all necessary parties before it, or has the power to bring them before it, it has the prior right to exercise active jurisdiction of such case, and no other court in this state in which such suit is subsequently filed has the right to interfere." V. D. Anderson Co. v. Young, 128 Tex. 631, 101 S.W.2d 798, 800, and authorities there cited. Of course, notwithstanding the rule just quoted, "a party may be guilty of such conduct relating to the matter as to estop himself from asserting the prior active jurisdiction of a court in which a suit is first filed over another court in which a suit is subsequently filed involving the same subject-matter and parties." Id. Therefore, if the husband filed the Harris County suit in bad faith, not having acquired the six months' residence in Harris County, and with the purpose of spinning out time until he had resided in Harris County for six months, he would be estopped by such conduct. But whether the suit was fraudulently filed in Harris County for the purpose of wrongfully conferring jurisdiction upon the dis-

trict court of Harris County is a question which that court is competent to determine. And the wife had the right to file a plea in abatement in the Harris County suit to have such issue there passed on, which, as appears above, she in fact did. The husband had an equal right to reply to and contest such plea in abatement, and have it passed on. The hearing was had thereon on July 15, 1941 (which was before the wife filed the El Paso County suit), and the hearing resulted in a mistrial.

 Now, if the Harris County district court had the power to pass upon the plea in abatement when the wife invoked its jurisdiction to do so, it had the duty to pass upon said plea and the contest thereof, and to determine the pertinent facts. V. D. Anderson Co. v. Young, supra, citing McCurdy v. Gage, 123 Tex. 558, 69 S.W.2d 56; Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.2d 951. The wife could not, by filing the El Paso County suit, deprive the Harris County district court of the jurisdiction which she invoked by her plea in abatement after the husband had contested same. The issue of fact made by the plea in abatement and the contest thereto made in the Harris County suit must be finally determined in that Court before the question of dominant jurisdiction in one or the other of said district courts can be finally determined. Russell v. Taylor, 121 Tex. 450, loc. cit. 461, 49 S.W.2d 733. And in this respect the case at bar differs from Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063. Russell v. Taylor, supra.

In other words, this case is not ruled by Cleveland v. Ward, supra, and the Kirby case, supra, likewise does not apply. It is the duty of Judge Boyd, or such other Judge as may succeed to the suit under the practice act and rules applying to the trial of cases in the civil district courts of Harris County, to try the issue made by the plea in abatement, and its contest. If the relator, the husband, fails to sustain his contest of his wife's plea in abatement, it will be the duty of such Judge to sustain said plea, which would have the effect of giving to the district court of El Paso County the dominant jurisdiction, and postpone any action in the Harris County district court until final judgment is had in the El Paso County suit. But if the contest is sustained, it will be the duty of the Judge of the Harris County district court trying said plea to overrule same, and this would have the effect of giving the dominant jurisdiction to the Harris County court, and postponing any action in the El Paso suit pending final disposition of the Harris County suit. While the Harris County court has exclusive jurisdiction to pass upon the plea in abatement and determine the pertinent facts, its action is subject to review in this court, for it might be determined here on appeal that under the facts the district court of El Paso County had acquired jurisdiction, though the petition was physically filed first in Harris County. Russell v. Taylor, supra, 121 Tex. loc. cit. 461, 49 S.W.2d 733.

It follows that writ of prohibition should issue against the Honorable David E. Mulcahy in accordance with the terms of the judgment entered in this case, which judgment will conform to the precedent set forth in Russell v. Taylor, supra.

Relator's petition for writs of prohibition, mandamus and injunction will be granted, and the writs issued in accordance with this opinion.

Relator's petition granted, and writs awarded.