Elizabeth Frances PARR et al., Petitioners,

v.

George HAMILTON, Judge of the Court of
Domestic Relations, Nueces County,
Texas, et al., Respondents.

No. 464.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 31, 1968.

**30**

Wood, Boykin, Rylee & Wolter, Marshall Boykin III, Corpus Christi, for appellants.

Lloyd, Lloyd, Dean & Ellzey, E. G. Lloyd, Jr., Alice, Archer Parr, San Diego, Luther E. Jones, Jr., Corpus Christi, for appellees.

## OPINION

NYE, Associate Justice.

This is an original mandamus proceedings by relator Elizabeth Frances Parr, complaining[1] of George Hamilton, Judge of the Court of Domestic Relations of Nueces County, Texas, seeking to compel Judge Hamilton to proceed with the trial of a pending divorce action. This action presents for determination a question of conflict of jurisdiction between two courts having coordinate jurisdiction over a controversy involving the same subject matter and the same parties.

A statement of the record insofar as is necessary to decide the law question involved, is as follows in its chronological order of events: Mrs. Elizabeth Frances Parr filed suit for divorce in the Court of Domestic Relations of Nueces County, Texas against her husband Archer Parr on the 5th day of April, 1968, alleging that she and her husband had lived in Corpus Christi, Nueces County, Texas, for at least two years prior to the commencement of the suit for divorce. Her husband, Archer Parr, the defendant, answered the suit on May 23, 1968. In July and the early part of August an attempt of a reconciliation was had between the parties which failed.

On August 9, 1968, Archer Parr filed a subsequent suit for divorce in Duval County, Texas, in the 79th District Court of said county. On the 14th day of August, 1968, Mrs. Parr filed a plea in abatement calling to the attention of the 79th District Court, the prior pending suit between the same parties, involving the same subject matter, in the Domestic Relations Court of Nueces County. Archer Parr filed his reply to the plea, alleging lack of good faith, fraud and estoppel on the part of Mrs. Parr.[2]

A hearing on the plea was had on the 17th day of September, 1968 before the Honorable John H. Miller, Judge Presiding in the Duval County District Court. The court, after hearing the evidence, overruled the plea in abatement and restrained and enjoined Mrs. Parr and her attorneys

1. Other respondents named were: District Judge John H. Miller, Judge Presiding, District Judge C. Woodrow Laughlin, Archer Parr, husband of Elizabeth Frances Parr, and his attorneys Lloyd, Lloyd, Dean & Ellzey.

2. The sworn petition alleged in part that: " * * * she did not then and does not now possess or have a good faith intention to prosecute said suit to judgment." It is further alleged that: " * * * By the acts and promises of Elizabeth Frances Parr this Plaintiff, Archer Parr, was induced not to file this suit; that the acts of the said Elizabeth Frances Parr in her acts and making the aforesaid

promises to Archer Parr and in not keeping her promises constituted a fraud upon Archer Parr on the part of Elizabeth Frances Parr. That but for such fraud Archer Parr would have filed this suit in the District Court of Duval County prior to the filing of the aforesaid suit in Nueces County, Texas, and by reason of the aforesaid facts alleged by Archer Parr, the said Elizabeth Frances Parr has been and is now estopped from asserting or contending that the aforesaid suit filed by her in Nueces County, Texas, was a prior pending suit as of the time of the filing of this suit in the District Court of Duval County, Texas."

from pursuing and prosecuting the first action pending the final disposition of this cause now pending in the Duval District Court. Mrs. Parr excepted to the court's ruling and gave notice of appeal to the Court of Civil Appeals, Fourth Supreme Judicial District, sitting at San Antonio, Bexar County, Texas.

On September 20, 1968, and again on the 25th day of September, 1968, the judge of the Court of Domestic Relations for Nueces County refused to consider whether the husband Archer Parr was in contempt of the court's previous interlocutory orders and refused to set the case for trial. In fact the court removed the same from the trial docket. Whereupon, Mrs. Parr filed her application for a writ of mandamus in this the Court of Civil Appeals for the 13th Supreme Judicial District, requesting that we command the Honorable George Hamilton, Judge of the Court of Domestic Relations to proceed with the trial of the first suit for divorce.

Relator, Mrs. Parr, filed as an exhibit in this proceeding, the statement of facts and record of the plea of abatement proceedings in the Duval County District Court. She admits that although Archer Parr alleged fraud and estoppel, there was absolutely no evidence in the record to support these allegations.

 Where a suit has been first filed in a court of competent jurisdiction and such court has all the necessary parties before it, it has the prior right to exercise active jurisdiction of such case and no other court in this State in which a subsequent suit is filed has the right to interfere. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926) and V. D. Anderson Co. v. Young, 128 Tex. 631, 101 S.W.2d 798 (1937).

 Where a second suit has been filed in a court with co-ordinate authority, and in order to prevent such court from exercising active jurisdiction, it is necessary to seasonably file a plea in abatement setting out the prior jurisdiction. Cleve-

land v. Ward, supra. This plea may then be contested which may bring into play an equally well settled rule of law that operates as an exception to the above stated principles. This is where a party may be guilty of such conduct relating to the matter as to estop himself from asserting the prior active jurisdiction of a court in which a suit is first filed, over another court in which the suit is subsequently filed involving the same subject matter. V. D. Anderson Co. v. Young, supra. This exception was reconfirmed recently by our Supreme Court in Johnson v. Avery, 414 S.W.2d 441 (Tex.Sup.1966).

 The question of good faith, fraud and conduct of a party relating to the matter of estoppel is a fact issue that must be finally determined by the court hearing the plea in abatement. Russell v. Taylor, 121 Tex. 450, 49 S.W.2d 733 (1932); Lancaster v. Lancaster, 155 Tex. 528, 291 S.W. 2d 303; V. D. Anderson Co. v. Young, supra. Should that court resolve the fact issue against the proponent of the plea in abatement, then the second court becomes vested with dominate jurisdiction and the prior action is postponed until a final disposition of the case in the second court. Lancaster v. Lancaster, supra; Russell v. Taylor, supra. The plea in abatement being purely interlocutory can only be reviewed by an appellate court when a final judgment is rendered in the case. Johnson v. Avery, supra.

Mrs. Parr gave notice of appeal from the temporary restraining order and injunction. However, she did not perfect the appeal to the San Antonio Court of Civil Appeals having intermediate appellate jurisdiction over the 79th District Court of Duval County. She argues here that such an appeal is an inadequate remedy, and that exclusive jurisdiction in the Nueces County Domestic Relations Court should be tested by mandamus in this Court.

 It was said in Cleveland v. Ward, where the fact issues were similar to those

before us only in reverse, that the exclusive remedy for relief from the granting of a temporary injunction, was by the special statutory method of appeal to the Court of Civil Appeals in which district the District Court was located. Courts of Civil Appeals are also courts of co-ordinate jurisdiction within the limits of their respective districts and no one of them has authority to review causes confided to another. Cleveland v. Ward, supra. The only court possessing the power to perform an appellate function of reviewing the sufficiency of the evidence heard at the plea in abatement hearing is the intermediate appellate court having jurisdiction over the District Court of Duval County, i. e. the San Antonio Court of Civil Appeals. The same is true in determining the propriety of the entering of the temporary restraining order and injunction. It is therefore not proper for this court to pass on the merits of this case.

■ Judge Hamilton did not improperly refuse to go forward with the trial of this cause for another reason. The order of the court from the 79th District Court of Duval County is not void. It is regular on its face. It is therefore not a proper subject to collaterally attack the order of the 79th District Court in the Court of Civil Appeals sitting as we are in a different supreme judicial appellate district.

Relator's application for writ of mandamus is denied.

SHARPE, Justice (concurring).

This is an original proceeding in which we granted leave to file the petition of Relators, Mrs. Elizabeth Frances Parr and her attorneys, who seek a writ of mandamus against Honorable George Hamilton, Judge of the Court of Domestic Relations of Nueces County, Texas, commanding him to proceed with the trial of a divorce case and other matters therein involved filed by Relator Elizabeth Frances Parr

on April 5, 1968 against Respondent Archer Parr, and for a writ of prohibition against Honorable John H. Miller, sitting as Judge of the 79th Judicial District Court of Duval County, and Honorable Woodrow C. Laughlin, the regular Judge of said Court, commanding them to cease and desist in a subsequent divorce suit filed in the latter court by Respondent Archer Parr from further interfering with the jurisdiction of the Court of Domestic Relations of Nueces County by orders in the Duval District Court overruling Mrs. Parr's plea in abatement or for injunctive or other relief. Archer Parr and his attorneys were also named as respondents in this proceeding.

Judge Hamilton refused to proceed in the Nueces County suit after Judge Miller, sitting in the Duval County suit, conducted a hearing and entered an order overruling a plea in abatement filed therein by Mrs. Parr. That plea, among other things, contended that her suit filed in Nueces County was a prior action pending; that the parties, subject matter and issues were the same as in the Duval County suit; and that the Duval suit filed by Respondent Archer Parr should be "abated and dismissed." In the Duval suit Mr. Parr filed a reply to the plea in abatement of Mrs. Parr, alleging several grounds in support of his position that her plea should be overruled. One of such grounds was that "When Elizabeth Frances Parr filed cause No. 96899, Elizabeth Frances Parr v. Archer Parr, in the Court aforesaid in Nueces County, Texas, she did not then and does not now possess or have a good faith intention to prosecute said suit to judgment." The fact issues raised by the plea in abatement and the reply thereto were required by law to be tested in the Duval suit. Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303, 305 (1956). The order of the Duval District Court overruling the plea in abatement filed by Mrs. Parr, impliedly resolved the tendered fact issues in favor of Mr. Parr, and in effect found, among other things, that Mrs. Parr

did not have a good faith intention to prosecute the Nueces County suit to judgment. The legal effect of that finding was that the suit filed by Mrs. Parr in Nueces County was never legally commenced. V. D. Anderson Co. v. Young, 128 Tex. 631, 101 S.W.2d 798, 800 (1937), followed in Johnson v. Avery, 414 S.W.2d 441 (Tex. Sup.Ct.1966). Accordingly, under such finding, the Duval Court had the right to exercise active jurisdiction and had the dominant jurisdiction to decide the Parr divorce case. The order of the Duval Court overruling the plea in abatement, being interlocutory and non-appealable in character, is subject to review by the appellate court having jurisdiction of the case when a final judgment is rendered therein. Pending final disposition of the Duval County suit, the suit filed by Mrs. Parr in Nueces County is postponed by operation of law. Anderson v. Young, supra; Lancaster v. Lancaster, supra; Russell v. Taylor, 121 Tex. 450, 49 S.W.2d 733, 737 (1932).

The order of the Duval District Court (in addition to overruling the plea in abatement filed by Mrs. Parr) also temporarily enjoined Mrs. Parr and her attorneys from pursuing and prosecuting the Nueces County suit pending final disposition of the Duval suit. Relators here could have challenged that portion of the order, which was an appealable interlocutory order, by appealing to the Fourth Court of Civil Appeals, sitting at San Antonio, but they failed to do so. Instead, they elected to collaterally attack the entire order of the Duval District Court in an original proceeding in this Court. Upon the record now before us it is apparent that Judge Hamilton properly declined to proceed in the Nueces suit filed by Mrs. Parr after her plea in abatement was overruled by the Duval District Court. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1073 (1926).

Relators are not entitled to relief in this proceeding either by writ of mandamus or

prohibition and their petition must be denied.

GREEN, Chief Justice (concurring).

I agree that the relief sought in this Court by relators should be denied. I concur in the disposition made of this cause.