Opinion issued April 24, 2008










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00601-CV




IN RE DAVID HENRY, Relator




Original Proceeding on Petition for Writ of Mandamus




*****




NO. 01-07-00622-CV




DAVID HENRY, Appellant

v.

JAMES MCMICHAEL AND ELIZABETH ANN KOEHLER, CO-INDEPENDENT EXECUTORS OF THE ESTATE OF W. T. MCMICHAEL,
AND CATHERINE MCMICHAEL, Appellees




On Appeal from County Court at Law Number 1 and Probate Court
Brazoria County, Texas
Trial Court Cause No. PR029090-A




MEMORANDUM OPINION

          On interlocutory appeal, relator, David Henry alleges that the Brazoria County
trial court erred in issuing a temporary injunction enjoining his prosecution of an
action in a Harris County trial court because (1) the Harris County court has dominant
jurisdiction over the Brazoria County court where a similar suit was filed and (2)
neither the application for temporary injunction filed in Brazoria County nor the
evidence submitted in support of that application satisfies the requisites for injunctive
relief under Texas Rule of Civil Procedure 680. Henry also petitions this Court for
a writ of mandamus directing the Brazoria County trial court to set aside its order
denying his motion to abate, by which the court effectively asserts dominant
jurisdiction.


 
          We conclude that, because the Brazoria County trial court has dominant
jurisdiction over the claims asserted in Harris County, the Brazoria County court did
not err in issuing the temporary injunction and Henry’s petition for writ of mandamus
is denied. 
Background
          W.T. McMichael and Henry were joint owners of Girard Holdings. In 1997,
W.T. and Henry entered into a Stock Purchase Agreement (the “Agreement”) for their
ownership interests in Girard Holdings. The Agreement provided that, if one died,
the other would have the right to purchase his stock in Girard Holdings for a price
based on the stock’s book value at the time of death. W.T.’s wife, Catherine
McMichael, also signed the Agreement. 
          W.T. died on May 16, 2006. Four months later, Henry attempted to exercise
his right to buy W.T.’s 1000 shares of Girard Holdings for approximately $148,000. 
After Henry sent a demand letter, Catherine McMichael refused to sell the stock to
him, alleging that, despite its book value, the stock was actually worth between $2
and $4 million at the time of W.T.’s death. 
          On September 1, 2006, Catherine, along with James McMichael and Elizabeth
Ann Koehler, Catherine’s children and independent co-executors of W.T.’s estate
(collectively “the McMichaels”), filed an action for damages against Henry in
Brazoria County, where W.T. resided at the time of his death. In this action, the
McMichaels, on behalf of the estate, asserted claims against Henry for breach of
fiduciary duty, fraud/misrepresentation, unjust enrichment, and for a declaratory
judgment that those wrongful acts rendered the Agreement unenforceable. Henry
filed a motion to abate in Brazoria County and a motion to transfer venue to Harris
County. 
          Two weeks later, on September 13, 2006, Henry sued the McMichaels in Harris
County, seeking specific performance of the Agreement and asserting a breach of
contract claim. The McMichaels filed a motion to transfer venue to Brazoria County,
and they later filed a plea in abatement in the Harris County case, arguing that the
Brazoria County court had dominant jurisdiction because the two lawsuits were the
same and because they filed their lawsuit first in Brazoria County. 
          In November 2006, after a non-evidentiary hearing, the Harris County court
denied the McMichaels’ plea in abatement. Henry supplemented his motion to abate
in the Brazoria County court, attaching a copy of the Harris County court’s order
denying the McMichaels’ plea. After a hearing and receiving further evidence from
the parties, the Brazoria County court denied Henry’s motions to abate and to transfer
venue. 
          Henry subsequently filed a motion for partial summary judgment in Harris
County. The McMichaels then refiled their plea in abatement in Harris County,
attaching a copy of the Brazoria County court’s order denying Henry’s motions to
abate and transfer venue. The Harris County court again denied the McMichaels’
plea in abatement, and the McMichaels requested a continuance on Henry’s motion
for partial summary judgment, which request the trial court granted.
          The next week, the McMichaels filed an application for temporary restraining
order (“TRO”) in Brazoria County, and, on June 18, 2007, the Brazoria County court
granted an ex parte TRO finding that it had dominant jurisdiction and prohibiting
Henry from proceeding with (1) a hearing on his motion for partial summary
judgment in the Harris County case and (2) prosecution of the Harris County case. 
Nine days later, the trial court, after hearing testimony from only the McMichaels’
attorney, granted a temporary injunction on the same terms as the TRO.
          Henry filed this petition for writ of mandamus on June 26, 2007, challenging
the Brazoria County court’s order denying his motion to abate.


 The next day, the
Brazoria County court signed an order for temporary injunction. Henry then filed this
interlocutory appeal of the temporary injunction order. 
                            Interlocutory Appeal–Temporary Injunction
          In this interlocutory appeal, Henry asserts that the Brazoria County trial court
erred in issuing a temporary injunction enjoining his prosecution of the Harris County
action because (1) the Harris County court has acquired dominant jurisdiction over
the Brazoria County court under the estoppel exception to the general rule of
dominant jurisdiction and (2) neither the McMichaels’ application for temporary
injunction nor the evidence submitted in support of that application satisfies the
requisites for injunctive relief under Texas Rule of Civil Procedure 680. 
Standard of Review
            Texas state courts have the power to restrain persons from proceeding with
suits filed in other courts of this state by granting an “anti-suit injunction,” abating
proceedings in a second forum. Gannon v. Payne, 706 S.W.2d 304, 305 (Tex. 1986). 
The trial court’s decision is reviewed under an abuse of discretion standard. Id. A
trial court abuses its discretion when it misapplies the law to the established facts of
the case. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex.
1985).
Dominant Jurisdiction
          In his first issue, Henry argues that, although the Harris County action was not
the first to be filed, under the estoppel exception to the general rule of dominant
jurisdiction, the Harris County court acquired dominant jurisdiction by denying the
McMichaels’ plea of abatement before the Brazoria County court denied Henry’s
plea in abatement. We disagree. Henry’s arguments misapply the estoppel exception
to the facts of this case.
          The general rule of dominant jurisdiction is that, where a suit would be proper
in more than one county, the county in which the suit was first filed acquires
dominant jurisdiction to the exclusion of other counties of equal stature. Curtis v.
Gibbs, 511 S.W.2d 263, 267 (Tex. 1974); Lamar Sav. Ass’n v. White, 731 S.W.2d
715, 716 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding). “As long as the
forum is a proper one, it is the plaintiff’s privilege to choose the forum.” Wyatt v.
Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988).


 However, the doctrine of
estoppel is a long-established exception to this rule. See V.D. Anderson Co. v. Young,
128 Tex. 631, 636–37, 101 S.W.2d 798, 800 (1937). Under that doctrine, a plaintiff
who filed the first suit may be estopped from asserting the dominant jurisdiction of
the first court if it is found that he is guilty of inequitable conduct. Id. at 800; see
also Russell v. Taylor, 121 Tex. 450, 458–59, 49 S.W.2d 733, 736 (1932); Johnson
v. Avery, 414 S.W.2d 441, 443 (Tex. 1966).



          Estoppel is a fact issue that must be determined by the trial court where the plea
in abatement is filed. Parr v. Hamilton, 437 S.W.2d 29, 31 (Tex. Civ. App.—Corpus
Christi 1968, no writ). However, contrary to Henry’s argument, the mere fact that a
second court is the first to rule on a plea in abatement alone does not confer dominant
jurisdiction to that second court nor does this mere fact estop the proponent of the
plea from continuing to assert the dominant jurisdiction of the court where the action
was first filed. See Curtis, 511 S.W.2d at 267. To acquire dominant jurisdiction
under the estoppel exception, the second court must also resolve the fact issue of
estoppel against the proponent of the plea in its ruling. See id. Accordingly, if a
party files a plea in abatement in the second trial court, and the second court, in
denying the plea, is the first court to resolve the fact issue of estoppel against the
proponent of the plea, the second court becomes vested with dominant jurisdiction. 
Id. That ruling postpones the action in the first court until the second court finally
disposes of the case. Id. 
              In this case, the record does not establish that, in denying the McMichaels’
plea, the Harris County court ever made a finding as to estoppel. Accordingly, the
estoppel exception cannot apply to the facts of this case. Id. We hold that the Harris
County court did not acquire dominant jurisdiction over the Brazoria County court,
and we overrule issue one.
Anti-Suit Injunction
          In his second issue, Henry argues that the trial court erred in granting the anti-suit injunction because neither the McMichaels’ application nor the evidence
submitted in support of the application established the requisite elements of a
temporary injunction under the Texas Rules of Civil Procedure: a probable right to
recovery, irreparable harm, and no adequate remedy at law. We disagree. 
          When a party files suit in a court of competent jurisdiction, that court is entitled
to proceed to judgment and may protect its jurisdiction by enjoining the parties from
proceeding in a suit subsequently filed in another court of this state. Perry v. Del Rio,
66 S.W.3d 239, 252 (Tex. 2001); Gannon, 706 S.W.2d at 305. Further, Texas courts
are empowered to enjoin parties from going forward with litigation in another county. 
See Christensen v. Integrity Ins. Co., 719 S.W.2d 161, 163 (Tex. 1986). Although
courts of this state have that power, however, the principle of comity requires that
courts exercise this equitable power sparingly and only in very special circumstances. 
See Golden Rule Ins. Co. v. Harper, 925 S.W.2d 649, 651 (Tex. 1996); Christensen,
719 S.W.2d at 163.
          The Texas Supreme Court has observed that an anti-suit injunction is
appropriate to:
          (1)     address a threat to the court’s jurisdiction,
          (2)     prevent the evasion of important public policy,
          (3)     prevent a multiplicity of suits, or 
(4)protect a party from vexatious or harassing litigation.
Gonzalez v. Reliant Energy, Inc., 159 S.W.3d 615, 623 (Tex. 2005). The party
seeking the injunction must show that “a clear equity demands” the injunction
because of one of those four circumstances. Id. Under the third category, a single
parallel proceeding in another forum does not constitute a multiplicity of suits and
cannot, by itself, justify the issuance of an anti-suit injunction. Golden Rule, 925
S.W.2d at 651–52. Before an anti-suit injunction can properly issue, the requesting
party must demonstrate that “very special circumstances” exist such that an injunction
is necessary to prevent an “irreparable miscarriage of justice.” See id. at 651.



          This case merits an anti-suit injunction for the first reason—the need to protect
the Brazoria County court from the threat posed by the Harris County case to its
jurisdiction. Because the Brazoria County action was the first filed and there has
been no finding of estoppel, the Brazoria County court has dominant jurisdiction over
the Harris County court. Thus, as found by the Brazoria County court in its order, if
the injunction did not issue, the McMichaels could be irreparably harmed by the
pending dispositive motions in the Harris County action. Without the injunction,
Henry would proceed with the pending summary judgment hearing and trial on the
merits in the Harris County action, thereby depriving the Brazoria County court of its
jurisdiction to hear the case and depriving the McMichaels of their choice of forum
without an effective remedy for this error. See Gonzalez, 159 S.W.3d. at 623. 
          Likewise, clear equity justifies an anti-suit injunction in this case. The fact
that the McMicheals have correctly argued and established that the Harris County
court does not have dominant jurisdiction and has not brought about a stay or
abatement of the Harris County action. That action remains pending, and, absent an
injunction, Henry could continue to pursue both state court actions, only one of which
has dominant jurisdiction, requiring the McMichaels to defend both actions and
pursue appeals in both, if necessary. To allow the Harris County action to proceed
under these circumstances would be contrary to the longstanding public “policy of the
courts and the legislature of this state to avoid a multiplicity of lawsuits.” See id.
          Accordingly, we hold that the trial court did not err in granting the
McMichaels’ temporary injunction, and we overrule issue two. 
Mandamus–Motion to Abate
          Finally, Henry filed a petition for writ of mandamus asserting that the Brazoria
County court erred in denying his motion to abate.
          Mandamus relief is available only to correct a “clear abuse of discretion” when
there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992). Mandamus relief may be granted when one court actively interferes with the
jurisdiction of another court. In re Reliant Energy, Inc., 159 S.W.3d 624, 626 (Tex.
2005) (orig. proceeding). In this case, as shown above, because the Brazoria County
trial court had dominant jurisdiction over the Harris County action, the Brazoria
County trial court did not abuse its discretion in denying Henry’s motion to abate. 
Accordingly, we deny the petition for writ of mandamus. 
ConclusionWe hold that the trial court did not err in granting the McMichaels’ temporary
injunction. We further hold that the trial court did not abuse its discretion by denying
Henry’s motion to abate. Accordingly, we affirm the order of the trial court granting
the temporary injunction and deny Henry’s petition for mandamus.
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Hanks, and Higley.