THE V. D. ANDERSON COMPANY ET AL. V.
HONORABLE TOWNE YOUNG ET AL.

No. 7131. Decided February 10, 1937.
(101 S. W., 2d Series, 798.)

*George O. Wilson* and *E. M. Riechman,* both of Dallas, for relators.

Where the conflict of jurisdiction between the 44th Judicial District Court of Dallas County and the 31st Judicial District Court of Wheeler County is dependent upon a determination of a controverted issue of fact as to whether suit filed in Wheeler County was filed prior to the one in Dallas County, as a result of fraud practiced by plaintiffs in the Wheeler County case on the attorneys in the Dallas County case, in procuring delay in the filing of the Dallas County case, until the suit could be filed in Wheeler County, the Dallas County court on a plea in abatement in which such issue is raised, having all the parties at interest before it, has exclusive jurisdiction to determine such issue. August Kern Barber Supply Co. v. Freeze, 96 Texas, 513, 74 S. W., 303; Steger v. Shofner, 54 S. W. (2d) 1013; 1 Tex. Jur., 101, sec. 71, and 684, sec. 66.

*Sanders & Scott* and *R. G. Windsor,* of Amarillo, for respondent.

MR. JUSTICE CRITZ delivered the opinion of the court.

This is an original mandamus proceeding instituted directly in the Supreme Court by V. D. Anderson Company, a corporation, and Geo. O. Wilson and E. M. Reichman, its attorneys, against Honorable Towne Young, Judge of the 44th District Court of Dallas County, Texas, to compel him to proceed to trial

and final judgment in a certain cause pending in that court. Honorable W. R. Ewing, Judge of the 31st District Court of Wheeler County, Texas, G. O. McCrohan, Wheeler Cotton Oil Company, a corporation, and Sanders & Scott, and R. G. Windsor, attorneys, are also made parties to this proceeding. The litigation in this Court arises out of a conflict of jurisdiction between the two district courts above mentioned in a controversy involving the same subject matter. The petition with attached exhibits is rather voluminous. We will only make such statement of the record as is necessary to decide the law questions here involved.

On or about August 27th, 1934, Western Engineering Company, a corporation, entered into a contract with G. O. McCrohan by the terms of which it agreed to sell to McCrohan certain oil mill equipment and machinery for a total consideration of $2890.00, payable $950.00 in cash and $1940.00 in a deferred payment, to be evidenced by a note in the principal sum of that amount bearing six per cent. interest, and due on or before April 1, 1935. The contract provided that the equipment and machinery sold should remain the property of the seller until the note for the deferred payment should be paid. On October 25, 1934, McCrohan executed and delivered to Western Engineering Company a note in the principal sum of $1940.00, payable in the city of Garland, in Dallas County, Texas. This note was given in consummation of the above contract and in conformity therewith. At the same time the note was given, McCrohan executed and delivered to Western Engineering Company a chattel mortgage on the oil mill machinery and equipment above described. One thousand dollars has been paid on the principal of this note.

After the giving of the above note and mortgage, and on February 13, 1936, Wheeler Cotton Oil Company, a corporation, which seems to have succeeded to the above property, and McCrohan filed suit in the district court of Wheeler County, Texas, against Western Engineering Company and V. D. Anderson Company, both corporations. In that suit the plaintiffs seek judgment cancelling the above note and mortgage, and for damages. The basis of the Wheeler County suit is fraud alleged to have been committed by Western Engineering Company and its duly authorized agent who acted for it in selling the oil mill machinery and equipment and securing the original note above described. It is alleged that V. D. Anderson Company is claiming some interest in said note and mortgage given to secure the same, but that it is not an innocent purchaser thereof.

On February 21, 1936, V. D. Anderson Company, a corporation, filed suit in the 44th District Court of Dallas County, Texas, against G. O. McCrohan and Wheeler Cotton Oil Company. In the Dallas County suit V. D. Anderson Company seeks judgment for the balance of the principal due on the above described note, together with interest and attorney's fees, and foreclosure of the above described chattel mortgage. In the Dallas County suit V. D. Anderson Company alleges that it purchased the note from Western Engineering Company before maturity for a valuable consideration, and without any notice of any defects therein. In the Dallas County suit it is alleged that Wheeler Cotton Oil Company is claiming some interest in the mortgaged property. At this point we particularly call attention to the fact that the Wheeler County suit to cancel the note and mortgage involved in the above two suits, and for damages, was filed eight days before the filing of the Dallas County suit seeking judgment on the same note and foreclosure of the same mortgage.

After the filing of the Dallas County suit G. O. McCrohan and Wheeler Cotton Oil Company, the plaintiffs in the Wheeler County suit, filed in the Dallas County district court and in the suit there pending their plea in abatement, wherein they make known to the Dallas County district court the pendency of the suit in the Wheeler County district court, and the fact that it was first filed. Also, in this plea in abatement it is made known to the Dallas County district court that the subject matter and necessary parties in the two suits are substantially the same, and it is contended that because the Wheeler County suit was first filed the Wheeler County district court has prior jurisdiction to try the case, and the Dallas County district court does not have jurisdiction.

After the filing of the plea in abatement in the district court of Dallas County, Texas, by McCrohan and Wheeler Cotton Oil Company V. D. Anderson Company filed its reply thereto and contest thereof, wherein it contends that the Dallas County district court has prior jurisdiction to try the case as filed in that court, because McCrohan and Wheeeler Cotton Oil Company, and each of them, have been guilty of certain acts of fraud and deceit which caused V. D. Anderson Company to delay the filing of the Dallas County suit and thereby enabled the Wheeler County suit to be first filed. In such reply and contest V. D. Anderson Company allege that but for such fraud and deceit the Dallas County suit would have been filed prior to the Wheeler County suit. In this connection estoppel is pleaded.

Also in such reply it is further contended that V. D. Anderson Company is a nonresident of this State and therefore cannot be subjected to the jurisdiction of the Wheeler County district court without its consent. It is then contended that V. D. Anderson Company is a necessary party to the Wheeler County suit. The reply and contest contain other allegations not necessary to mention here.

After the filing of the above plea in abatement and reply and contest thereto in the district court of Dallas County, Texas, and on the 15th day of June, 1936, such plea in abatement and reply and contest thereof were duly reached and called for trial in the district court of Dallas County. All parties, plaintiffs and defendants, appeared by their attorneys of record in the district court of Dallas County, Texas, and announced ready for trial on the plea in abatement and reply thereto and contest thereof. Thereupon the district court of Dallas County proceeded to hear such plea in abatement and contest and all questions of law, as well as of fact, pertaining thereto. After a full hearing the district court of Dallas County, Texas, found the law and the facts with the contestants of the plea in abatement, and therefore in all things overruled such plea. McCrohan and Wheeler Cotton Oil Company in open court duly excepted to such ruling.

After the overruling of the plea in abatement by the district court of Dallas County, Texas, that court set the main case in that court for trial on its merits on June 23, 1936, and the attorneys of McCrohan and Wheeler Cotton Oil Company were so notified.

After the happening the above events the district court of Wheeler County, at the instance and request of McCrohan and Wheeler Cotton Oil Company, issued a temporary restraining order restraining V. D. Anderson Company and its attorneys, Geo. O. Wilson and E. M. Reichman, and each of them, from proceeding any further or taking any further action in or concerning or in any way prosecuting the Dallas County suit. This restraining order was made returnable at Pampa, in Gray County, Texas, on a day named. Writ was served on June 22, 1936, on attorneys for V. D. Anderson Company. We find no evidence of any service on V. D. Anderson Company itself.

When the Dallas County suit was reached and called for trial on June 23, 1936, the date it was set, Judge Towne Young, Judge of said Court, was informed of the issuance of the restraining order and its service on the attorneys for V. D. Anderson Company. Thereupon he, on his own motion, entered

the following order upon his trial docket: "6/23/36. Injunction suggested and case passed by court during pendency thereof." We take it from this that Judge Young has declined to proceed further with the trial of the case in his court under existing circumstances.

After the entry of the above order by Judge Young this proceeding was filed directly in the Supreme Court by V. D. Anderson Company and its attorneys, who were restrained by the order of the district court of Wheeler County, Texas, in the form of a mandamus proceeding to compel Judge Towne Young, Judge of the district court of Dallas County, to proceed to trial and final judgment with the case in his court. Also, relators here seek proper ancillary writs to prevent the Judge of the district court of Wheeler County, and all parties to the suit in Wheeler County and their attorneys, from proceeding further with that suit, except to dismiss the same, or in the alternative from proceeding further with said suit until the final disposition of the Dallas County suit. Relators also pray for certain other relief not necessary to mention, except to say that they pray for general and equitable relief. On granting the motion to file petition for mandamus in this Court, this Court, by proper order, stayed all proceedings in both district courts until further orders of this Court.

The general rules of law governing cases of this character have been so well settled by the decisions of this Court and its Commissions that we deem it unnecessary to repeat them here. In the case at bar both the district courts involved have potential jurisdiction of the subject matter of this litigation. The real question at issue is which of such courts ought to be allowed to exercise active jurisdiction. In deciding that question we reannounce the following rules of law:

■ 1. It is the general rule in this State that where a suit has been first filed in a court of competent jurisdiction, and such court has all necessary parties before it, or has the power to bring them before it, it has the prior right to exercise active jurisdiction of such case, and no other court in this State in which such suit is subsequently filed has the right to interfere. 11 Tex. Jur., 787, and authorities there cited; Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063; Conn v. Campbell, 119 Texas, 82, 24 S. W. (2d) 813.

2. In spite of the above general rule a party may be guilty of such conduct relating to the matter as to estop himself from asserting the prior active jurisdiction of a court in which a suit

is first filed over another court in which a suit is subsequently filed involving the same subject matter and parties. Russell v. Taylor, 121 Texas, 450, 49 S. W. (2d) 733; Mitchell v. Allis-Chalmers Mfg. Co. (Com. App.), 291 S. W., 1099.

3. As a general rule, in order for the court where the suit is first filed to have prior jurisdiction over the court where it is subsequently filed the first court must have all necessary parties before it, or it must have power to bring them before it. Cleveland v. Ward, supra; Russell v. Taylor, supra; 11 Tex. Jur., 787, supra.

■ 4. While, as a general rule, a suit is commenced by filing a petition with the bona fide intention to prosecute it to judgment, still the mere physical filing of the petition is not sufficient to oust the court in which the same suit is subsequently filed of active jurisdiction. Russell v. Taylor, supra.

■ In the case at bar it appears that the District Court of Dallas County has all the necessary parties before it to determine the issue of abatement raised in that court. Also, it has all the necessary parties before it to finally try the case in the event the plea in abatement should be overruled. On the other hand, the reply to the plea in abatement has raised fact issues on at least three very important questions, viz., (a) whether the Wheeler County district court can subject all necessary parties to its jurisdiction; (b) whether the Wheeler County suit was filed in good faith; and (c) whether the plaintiffs in the Wheeler County suit were enabled to first file the suit in that court by fraud or deceit. The plaintiffs in the Wheeler County case filed plea in abatement in the Dallas County case. Surely they had the right to file such plea and have it passed on, and equally as surely the plaintiffs in the Dallas County case had the right to reply to and contest such plea in abatement, and have such reply and contest passed on. The reply and contest raised pertinent issues of fact. If the Dallas County district court had the power, and was burdened with the duty, to pass on such plea in abatement and reply and contest, it had the power, and was burdened with the duty, to hear and determine the pertinent facts. McCurdy v. Gage, 123 Texas, 558, 69 S. W. (2d) 56; Powers v. Temple Trust Co., 124 Texas, 440, 78 S. W. (2d) 951.

■ The District Court of Dallas County did properly exercise its power and jurisdiction to pass on and determine the above plea in abatement, reply thereto, and contest thereof, and all pertinent facts. Such court, in exercising its jurisdiction, over-

ruled such plea in abatement, and its order in such matter, being purely interlocutory, can only be reviewed by an appellate court when a final judgment is rendered in the case. It follows, under the circumstances of this record, that the District Court of Dallas County should not be interfered with until it has finally tried the case, and until it has been finally determined whether it was in error in its action in overruling the plea in abatement. Of course this will have the effect of postponing any action in the Wheeler County case until final judgment in the Dallas County case. It may be that on appeal, should there be one, the appellate court will determine that the District Court of Wheeler County should be allowed to hear and determine the litigation in preference to the District Court of Dallas County. We do not decide that question, but leave it for final decision when, and if, the Dallas County case is appealed. Russell v. Taylor, supra.

It is ordered that Judge Towne Young, Judge of the 44th District Court of Dallas County, Texas, and his successor in office, shall proceed to final trial and judgment in the case pending in that court. It is further ordered that the Judge of the Wheeler County district court, and the other respondents in this Court shall proceed no further with the case in the Wheeler County district court, except to dismiss it, if they so desire, pending final judgment in the Dallas County case. It is further ordered that in the event the order of the District Court of Dallas County overruling the plea in abatement in that court becomes final, then no further action shall be had in the Wheeler County case, except to dismiss it. In the event it shall be finally determined that the plea in abatement in the Dallas County case should be sustained, then the Wheeler County district court can proceed as though the case had not been filed in the Dallas County district court. It is further ordered that McCrohan and Wheeler Cotton Oil Company pay all costs of this proceeding.

Opinion delivered February 10, 1937.