WESTERN ENGINEERING COMPANY V.
HONORABLE REECE EWING ET AL.

No. 7467. Decided October 30, 1940.
(143 S. W., 2d Series, 921.)

*Geo. O. Wilson* and *E. M. Reichman,* both of Dallas, for relator.

Where the Supreme Court has entered its order, in determining a conflict of jurisdiction between a district court in Dallas County and a district court in Wheeler County, giving the prior right of jurisdiction to the district court in Dallas County and providing that in the event the judgment of the Dallas County court should become final that no further action should be had in Wheeler County, except to dismiss the case, and the action in Dallas County did become final, the Supreme Court has the authority to enter a writ of prohibition restraining the Wheeler County court and the judge thereof and the parties to the suit from further proceeding with the trial of the case, in violation of its orders. Rio Bravo Oil Co. v. Hebert, 130 Texas 1, 106 S. W. (2d) 242; Magnolia Pet. Co. v. McLean, 131 Texas 585, 117 S. W. (2d) 417.

*Sanders & Scott,* of Amarillo, for respondents.

The order of the Supreme Court did not prohibit the district court of Wheeler County from trying the cause of Wheeler Cotton Co. v. Western Engineering Co., since McCrohan and the Wheeler Cotton Oil Company, in compliance with the Supreme Court's order, in Anderson Company v. Young, 128 Texas 631, 101 S. W. (2d) 798, dismissed the V. D. Anderson Company from the Wheeler County case. McCord-Collins Com. Co. v. Levy, 50 S. W. 606; Sewall Paint & Glass Co. v. Booth Lbr. Co., 50 S. W. (2d) 793; De La Vega v. Legue, 64 Texas 205.

MR. JUSTICE CRITZ delivered the opinion of the Court.

The outcome of this proceeding depends on the effect of a judgment entered in this Court in cause No. 7131, V. D. Anderson Company et al v. Young, Judge, et al, 128 Texas 631, 101 S. W. (2d) 798. In the interest of brevity we refer to that opinion for a detailed statement of the facts and issues leading up to the filing of this proceeding. In order that this opinion may be reasonably complete within itself, we make the following statement.

G. O. McCrohan and Wheeler Cotton Oil Company filed a suit in the District Court of Wheeler County, Texas, against Western Engineering Company and V. D. Anderson Company, both corporations. In such suit McCrohan and Wheeler Cotton Oil Company sought judgment cancelling a note and mortgage originally given by McCrohan to Western Engineering Company, and for damages. The note and mortgage were given in

consideration of certain oil mill machinery and equipment sold by Western Engineering Company to McCrohan. Wheeler Cotton Oil Company seems to have succeeded to the ownership of such property. V. D. Anderson Company was made defendant to the suit in Wheeler County on the allegation that it claimed to have some interest in the note and mortgage. As we understand it, no relief was sought against V. D. Anderson Company, except the cancellation of such instruments.

After the above suit was filed in the District Court of Wheeler County, V. D. Anderson Company, as alleged owner and holder, filed suit on the above-mentioned note and mortgage against McCrohan and Wheeler Cotton Oil Company in the District Court of Dallas County, Texas. Western Engineering Company was not a party to such suit.

After the Dallas County suit was filed, McCrohan and Wheeler Cotton Oil Company filed plea in abatement therein, on the ground that jurisdiction lay in the Wheeler County District Court because the suit in that court was first filed, and because that suit involved the same subject matter and issues as the Dallas County suit in so far as V. D. Anderson Company was concerned. V. D. Anderson Company answered such plea in abatement, alleging that McCrohan and Wheeler Cotton Oil Company had been guilty of certain fraudulent conduct which had enabled them to file the Wheeler County suit first. The Dallas County District Court heard this plea in abatement, including the facts pertaining thereto, and overruled the same.

After the overruling of their plea in abatement by the Dallas County District Court, McCohan and Wheeler Cotton Oil Company caused the Wheeler County District Court to restrain V. D. Anderson Company from further prosecuting the Dallas County suit. After the issuance of such restraining order the judge of the Dallas County District Court desisted from taking any further action in the cause.

After the happening of the above events V. D. Anderson Company and its attorneys applied to this Court for mandamus to compel the Dallas County District Court to proceed to try and finally dispose of the case pending therein. On final hearing of that case in this Court, we entered the following order:

"It is ordered that Judge Towne Young, judge of the Forty-Fourth district court of Dallas county, Tex., and his successor in office, shall proceed to final trial and judgment in the case pending in that court. It is further ordered that the judge of the Wheeler county district court, and the other respondents in this court shall proceed no further with the case in the

Wheeler county district court, except to dismiss it, if they so desire, pending final judgment in the Dallas county case. It is further ordered that in the event the order of the district court of Dallas county overruling the plea in abatement in that court becomes final, then no further action shall be had in the Wheeler county case, except to dismiss it. In the event it shall be finally determined that the plea in abatement in the Dallas county case should be sustained, then the Wheeler county district court can proceed as though the case had not been filed in the Dallas county district court. It is further ordered that McCrohan and Wheeler Cotton Oil Company pay all costs of this proceeding."

After the entry of the final judgment by this Court in the proceeding just above referred to, the suit of V. D. Anderson Company against McCrohan and Wheeler Cotton Oil Company then pending in the District Court of Dallas County was tried finally, and, as we understand, judgment was rendered for V. D. Anderson Company awarding to it recovery on the note and foreclosure of the chattel mortgage securing the same. We also understand that such judgment was not appealed from, and that it has been fully satisfied.

After the happening of the above events McCrohan and Wheeler Cotton Oil Company dismissed their suit in the Wheeler County District Court as against V. D. Anderson Company, and are now attempting to try the action in that court for damages against Western Engineering Company based on allegations of fraud and deceit, breach of warranty, and fraudulent representations incident to the original transaction in which Western Engineering Company sold McCrohan the oil mill machinery and equipment, and McCrohan executed the note and mortgage recovered on in the Dallas County suit. This proceeding has been filed in this Court by Western Engineering Company against the judge of the Wheeler County District Court, McCrohan, Wheeler Cotton Oil Company, and their attorneys to prohibit and enjoin such respondents from proceeding further in the case pending in the Wheeler County District Court against Western Engineering Company alone.

Relator in this proceeding contends that the attempt of McCrohan and Wheeler Cotton Oil Company to now prosecute their action in the Wheeler County District Court is in violation of the judgment of this Court in the former mandamus proceeding above described. This contention is based on the theory that that part of the judgment in that case which provides:

"It is further ordered that in the event the Order of the District Court of Dallas County overruling the Plea in Abatement in that Court becomes final, then no further action shall be had in the Wheeler County case, except to dismiss it," had effect to finally prohibit the District Court of Wheeler County from trying even the damage suit of McCrohan and Wheeler Cotton Oil Company against Western Engineering Company, if the plea in abatement filed in the Dallas County District Court should be finally sustained.

Under this record, we are unable to see how our former order can be given effect to require the dismissal of the case in Wheeler County against Western Engineering Company for damages. V. D. Anderson Company was not interested in that matter, and the damage suit against Western Engineering Company, so far as we know, did not conflict with the suit of V. D. Anderson Company to recover on the note and mortgage in Dallas County. It was only the conflict of jurisdiction that we settled in the former action in this Court, and our former judgment requiring the dismissal of the Wheeler County suit only referred to the suit against V. D. Anderson Company.

It is ordered that the writ of prohibition or injunction here sought be refused. Such refusal is without prejudice to the right of Western Engineering Company to make any defenses in the Wheeler County suit that it could have made if it had not filed this proceeding. Western Engineering Company shall pay all costs of this proceeding.

Opinion delivered October 30, 1940.