MISSOURI K. & T. R. CO. OF TEXAS v. CITY OF WHITNEY et al.

No. 2874.

Court of Civil Appeals of Texas. Waco.

July 27, 1949.

G. H. Penland, Dallas, M. E. Clinton, Dallas, Morrow & Calvert, Hillsboro, for appellant.

John Abney, Hillsboro, Frederick G. Harmon, De Leon, Dick Harbin, Dublin, for appellees.

LESTER, Chief Justice.

This is an appeal from an order granting a temporary injunction. The appellant was proposing to substitute a daily mixed passenger and freight train service on its trains Nos. 92 and 93 which have heretofore been employed in the regular freight service over its line from Waco to Stamford, a distance of 227 miles, in lieu of its two daily motor trains Nos. 35 and 36, which have been used for passenger service and which had been furnished for several years. The proposed change was to go into effect at midnight of May 22nd. The appellees, on the 16th day of May, filed a petition in the District Court, in which they alleged that the Railroad Company had not sought and obtained permission from the Railroad Commission for such purported change. They asked that the defendant be immediately restrained:

"(a) from changing or readjusting its train schedule or train services as said schedules and services are now in force, as to either train No. 35 or train No. 36";

"(b) from transferring or ordering the transfer or removal of any rolling stock or motive power from its aforesaid line of railroad;

"(c) from transferring or ordering the transfer to other employment or laying off of any of its employees now engaged in operating, servicing, or in any way caring for trains numbers 35 and 36; and

"(d) from ceasing to operate or discontinue the operation of either of said trains as they are now operated and upon the schedules now being maintained."

They further prayed that upon hearing a temporary injunction be issued, to continue in force until final determination of their suit, and that upon final hearing said temporary injunction be made permanent.

The court, on the 16th day of May, granted the restraining order without notice, set the application for a temporary injunction for hearing on May 26th, and after a hearing and on May 31st granted a temporary injunction and provided "that the same shall continue in force until the Railroad Commission of the State of Texas shall make its order granting or refusing permission for the defendant to discontinue present passenger service between Waco and Stamford on trains Nos. 35 and 36."

Appellant, in its answer to the show cause order, prayed that the application for temporary injunction be denied because: 1st, the court did not have jurisdiction of the subject matter; 2nd, plaintiffs have no justiciable interest in the subject matter and are without power or authority to prosecute the action; and 3rd, the complaint states no cause of action against the defendant. At the close of the evidence appellant filed a motion to abate and dis-

miss the action because the evidence showed that appellee City of DeLeon had invoked the jurisdiction of the Railroad Commission prior to the institution of the suit, which the trial court overruled.

■ Jurisdiction is vested in the Railroad Commission in the first instance in the government and regulation of railroads to correct and prevent violations of law and abuses upon the part of railroads in respect to their duties and obligations which they owe to the public. Missouri-Kansas & T. R. Co. of Texas v. Railroad Commission, Tex.Civ.App., 3 S.W.2d 489; Producers' Refining Co. v. Missouri, K. & T. R. Co., Tex.Com.App., 13 S.W.2d 679.

Article 6445 of Vernon's Ann.Civ.Stats. confers upon the Railroad Commission power and authority over all railroads and makes it the duty of said Commission to adopt all necessary regulations to govern and regulate such railroads and to correct abuses and prevent unjust discrimination in the rates, charges and tolls of such railroads * * * and to prevent any and all other abuses in the conduct of their business. Article 6446 provides: "The Railroad Commission of Texas is hereby vested with full power and authority to do and perform each act and duty authorized, directed or imposed upon it by the provisions of this title, and all railroads, persons, corporations, and associations subject to the control of the Commission shall be subject to the penalties prescribed by law for failure to comply with the rules, orders, directions or requirements of said Commission as severally provided in this title." Article 6357 provides in part that a railroad company shall furnish sufficient accommodation for the transportation of all such passengers and property as shall, within a reasonable time previous thereto, offer or be offered for transportation, and a failure to comply with such requirement shall be deemed an abuse of its rights and privileges and shall at once be corrected and regulated by the Commission. Article 6448: "The Commission shall: 1. Adopt all necessary rates, charges and regulations, to govern and regulate freight and passenger traffic, to correct abuses * * *

11. See that all laws of this State concerning railroads are enforced * * *."

■■ The law has placed in the Commission the duty and power to determine when a railroad company has violated the law or has abused its rights and privileges that it owes to the public, with power to correct the same. It is also the power and duty of the Commission to determine whether this contemplated change in its operations will furnish sufficient accommodations for the transportation of passengers and property or will be in violation of the laws of this state or would constitute an abuse of its rights and privileges as defined by the Legislature, and if such proposed change would amount to such an abuse as provided by law it is the duty of the Commission to prevent the same before it is put into operation, and such power has not been vested in any tribunal except the Railroad Commission. By such implicit language used by the Legislature in its mandate to the Commission to see that the laws of the state are enforced and to prevent any and all abuses of any railroad company in the conduct of its business and the far-reaching powers conferred upon it in carrying out the obligations placed upon it by law, it certainly gives to the Commission authority to issue such temporary orders as are reasonably necessary in order to properly perform such duties. Railroad Commission of Texas v. Uvalde Const. Co., Tex.Civ.App., 49 S.W. 2d 1113. Article 6453 provides that any party dissatisfied with an order of the Commission has a right to file a petition in a court of competent jurisdiction in Travis County, with the right of appeal to the appellate courts. All matters over which the Commission has jurisdiction its orders will be sustained upon trial and on appeal unless they are found to be unjust, unreasonable or arbitrary.

Article 6460 gives any municipal organization complaining of anything done or omitted to be done by any railroad * * * in violation of any law of this state or any provision of this title the right to apply to the Commission for relief. The City of DeLeon did, on May 9th, invoke the

jurisdiction of the Railroad Commission, as shown by the following letter:

"DeLeon, Texas,
"5-9-49

"Hon. Wm. J. Murray, Chrn.
"Hon. Olin Culberson, Member,
"Hon. Ernest O. Thompson, Member,
"Hon. Chas. F. Petet, Secretary,
"Railroad Commission of Texas,
"Austin, Texas.
"Gentlemen:

"We understand, and the writer has been advised through a telephone message from Mr. Penland, General Solicitor for the M. K. & T. RR. Co. that the M. K. & T. Ry. Co. of Texas is going to discontinue regular passenger train service Waco to Stamford via DeLeon, Texas, effective May 22, 1949. This will remove their motor train units No. 35 and No. 36 from their schedule.

"This is being done without any previous notice to the towns along the line involved and we understand without any previous permission from the railroad commission.

"It is the writer's understanding that the railroad plans to discontinue mail service, and substitute a mixed-train freight and passenger service on irregular schedule. As a matter of statutory and administrative law, such changes should not be made without prior public hearings and without permission of the railroad commission.

"Therefore, we request that your Honorable Commission contact the M. K. & T. RR. Co. immediately and order it to desist from making this change without legal authority. We request that this matter be set down for open public hearing before the Railroad Commission, in regular or special hearings, that the communities effected by this proposed change be notified officially of the hearing, and that the City of DeLeon, together with all public and private parties at interest, be given a full opportunity to be heard and present evidence, before this passenger service is discontinued. * * *

"Respectfully submitted,
"The City of De Leon
"By Frederick G. Harmon,
"City Attorney."

The Commissioners replied as follows:

"Austin 11, Texas,
"May 10, 1949

"Mr. F. G. Harmon, City Attorney,
"City of DeLeon,
"DeLeon, Texas.
"Dear Mr. Harmon:

"The Commission is in receipt of your letter of May 9 advising the Commission that you had been informed of the intention of the Missouri-Kansas-Texas Railroad Company of Texas to substitute mixed train service for its presently operated motor trains Nos. 35 and 36.

"This matter is being handled with the Katy officials, and you will be advised of the results of our investigation.

"Yours very truly,
"C. F. Petet, Inspector."

█ This, and other correspondence between the Commission and all interested parties shows that the Commission immediately took jurisdiction of the matter and has set it for hearing. This being a subject over which the Railroad Commission had exclusive jurisdiction in the first instance under the laws of this state, we cannot see how two tribunals can acquire and maintain jurisdiction over the same subject matter at the same time. This could not be true if the two had concurrent jurisdiction. V. D. Anderson Co. et al. v. Young, Judge et al., 128 Tex. 631, 101 S.W.2d 798.

From what has been stated, we are of the opinion that the District Court of Hill County did not have the authority to grant the injunction appealed from.