**W. Dave JOHNSON, Petitioner,**

v.

**C. N. AVERY, Jr., et al., Respondents.**

**No. A–11428.**

Supreme Court of Texas.

Nov. 16, 1966.

Rehearing Denied Dec. 14, 1966.

**442**

Long, Aronson & Coleman, Moore & Johnson, Austin, for petitioner.

McKay & Avery, Charlie Dye, Austin, for respondents.

SMITH, Justice.

This appeal presents for determination a question of conflict of jurisdiction be-

tween two district courts in Travis County over a controversy involving the same subject matter. The first suit was filed by the respondents in the 126th District Court of Travis County, Texas. Subsequent to the filing of the first suit the second suit involving the same subject matter was filed in the 53rd District Court. Respondents filed a plea in abatement in the second suit asserting the pendency of the first suit. In opposition to the plea in abatement petitioner alleged that respondents fraudulently induced petitioner's attorney to delay tne filing of petitioner's suit. The 53rd District Court overruled respondents' plea in abatement and ordered the parties to proceed to trial on the merits in that court Subsequently, and after a hearing, the 126th District Court issued a temporary injunction enjoining petitioner from taking further action in the 53rd District Court. On appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas, that court affirmed the judgment entered by the 126th District Court (the first suit) granting the temporary injunction. One Justice dissented. 400 S.W.2d 825. We reverse the judgments entered in the 126th District Court and the Court of Civil Appeals.

In disposing of the question involved, it is unnecessary to detail the nature of the cause of action. We confine our statement to a brief recitation of the pleadings in and the actions of the courts below.

The holding in the case of Anderson v. Young, 128 Tex. 631, 101 S.W.2d 798 (1937) is controlling here. That case presented a record practically identical to the record presented in this case. In that case, as in this case, the plea in abatement filed in the second suit and the reply thereto raised an issue of fact as to whether the suit filed in Wheeler County, Texas, was filed prior to the suit filed in Dallas County, Texas, as a result of fraud practiced by the plaintiffs in the Wheeler County case on the attorney in the Dallas County case, the contention being that the alleged acts of fraud caused the opposing attorneys to delay the

filing of the suit in Dallas County. The real question at issue in *Anderson* and in the present case is which court ought to be allowed to exercise active jurisdiction. Clearly the 53rd District Court has that right.

While this Court in the *Anderson* case reannounced the well settled rule of law that where a suit has been first filed in a court of competent jurisdiction, and such court has all necessary parties before it, it has the prior right to exercise jurisdiction of such case, and no other court in which a subsequent suit is filed has the power to interfere, this Court, nevertheless, stated another well settled rule of law which we think operates as an exception to the above stated general rule, which is that " * * * a party may be guilty of such conduct relating to the matter as to estop himself from asserting the prior active jurisdiction of a court in which a suit is first filed over another court in which a suit is subsequently filed involving the same subject-matter * * *."

This Court had occasion to reexamine the Anderson case in 1958 in the case of Wheeler v. Williams, 158 Tex. 383, 312 S.W.2d 221. In *Wheeler*, we declined to follow the exceptions to the general rule stated in *Anderson,* but only because of the factual distinction between the two cases. In *Wheeler,* we pointed out the absence of issues of bad faith, fraud, etc. Such as were stated to be involved in the *Anderson* case. We said in *Wheeler* that the exception to the general rule stated in *Anderson* "went to the very heart of the issues involved in the Anderson case and no doubt prompted this Court to hold that the reply and contest of the plea in abatement raised pertinent issues of fact, and that such issues ought to

be tried in the District Court of Dallas County where the second suit was pending." The facts in the present case bring it squarely within the exception to the general rule announced in *Anderson.* The injunction must be dissolved. We reiterate that we are not passing upon the merits. This Court said in *Anderson* that "[t]he district court of Dallas County [the second court] did properly exercise its power and jurisdiction to pass on and determine the above plea in abatement, reply thereto, and contest thereof, and all pertinent facts. Such court, in exercising its jurisdiction, overruled such plea in abatement, and its order in such matter, being purely interlocutory, can only be reviewed by an appellate court when a final judgment is rendered in the case. It follows, under the circumstances of this record, that the district court of Dallas County should not be interfered with until it has finally tried the case, and until it has been finally determined whether it was in error in its action in overruling the plea in abatement. Of course this will have the effect of postponing any action in the Wheeler County case until final judgment in the Dallas County case. It may be that on appeal, should there be one, the appellate court will determine that the district court of Wheeler County should be allowed to hear and determine the litigation in preference to the district court of Dallas County. We do not decide that question, but leave it for final decision when, and if, the Dallas County case is appealed."

The above holding applies with equal effect to the present case. Therefore, the injunction granted by the 126th District Court is dissolved. All costs are adjudged against the respondents.