Charles Allen MAYO, Appellant,

v.

William HALL et ux., Appellees.

No. 5921.

Court of Civil Appeals of Texas, Waco.

Aug. 31, 1978.

Curtis Pritchard, Altaras, Altaras & Pritchard, Cleburne, for appellant.

Robert A. Sparks, Cleburne, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Appellant Charles Allen Mayo from that portion of a judgment which modified his visitation rights with his 3 children, and raised the amount he is required to pay for child support.

Appellees William and Mary Lou Hall filed this suit seeking termination of appellant's parental rights, and for a stepfather adoption of the 3 children of Mrs. Hall and appellant.[1]

The termination and adoption were denied, but the trial court modified appellant's visitation rights by decreeing appellant have possession of the children the last weekend in January, March, September and November, beginning at 6 pm on Thursday to 6 pm on Sunday; from the last Thursday in May through July 15; and one half of the school Christmas vacation except Christmas day.

The decree set appellant's child support at $110. per month per child.

The decree further provided appellant "shall not take the children out of * * * Texas while cause D–811 612 is pending in * * * California. However, when said cause is disposed with prejudice [appellant] shall be able to take the children from the State of Texas during Christmas and summer visitation".

Appellant appeals on 4 points.

Points 1 and 2 contend the trial court erred in modifying appellant's visitation rights and the amount of child support appellant is required to pay because there were no pleadings to support same, and that without pleadings the judgment is fundamentally defective.

Appellant and Mary Lou Hall were divorced in Montana. Both thereafter moved to California, where in 1974 the Superior Court of Los Angeles County rendered a judgment decreeing appellee custody, and

---

1. Brenda, born in 1965; Amanda, born in 1966; and Charles Jr., born in 1969.

appellant visitation with his children the 3rd weekend of each month, and a 3 weeks period during the summer; and set appellant's child support payments at $90. per child per month.

In January 1977 appellees moved to Johnson County, Texas and on November 29, 1977 filed this case as a petition for adoption of the children by William Hall, and termination of the child-parent relationship between appellant and his children * * *.

At the conclusion of the evidence the trial court stated that he was denying a termination [and the adoption], but "some other things need to be done that there are not any pleadings to support * * *. Is there any objection from either side about the court in the absence of such pleadings going ahead and making some orders that make some sense about these folks and these children? Any objection?" Mr. Pritchard (counsel for appellant) "We have no objections".

The court then after discussion with the parties and attorneys in open court made the orders concerning visitation and child support.

The orders entered give appellant less weekend visitation, but longer visitation on the weekends granted, and gives him some 3 weeks additional summer visitation; and raises the child support from $90. per month per child to $110. per month per child.

The evidence is ample to support the orders for visitation and child support.

Rule 67 TRCP provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings".

■ We hold the issues as to modification of visitation and support payments were tried by both the express and implied consent of the parties.

■ Moreover, courts are given wide discretion in suits invoking jurisdiction with respect to custody and control of minor children of divorced parents. And technical rules of practice and pleading are of little importance in determining issues concerning custody, visitation and support payments of such children. *Leithold v. Plass*, Tex.S.Ct., 413 S.W.2d 698.

Points 1 and 2 are overruled.

Point 3 contends the trial court erred in entering orders concerning visitation and support because another court of continuing jurisdiction existed.

While all the parties lived in California the California Court in 1974 rendered visitation and child support orders. In January 1977 appellees moved to Johnson County, Texas, and appellant continued to live in California. Appellees filed this case in Johnson County, Texas November 29, 1977 and appellant answered on January 16, 1978. On January 31, 1978 appellant filed a custody action under the old case number in California, and the court granted appellant temporary custody Ex Parte and without notice to appellees. On February 2, 1978 appellant filed plea in abatement in this case asserting the pending custody action in the California Court.

Article 5, Section 8, Constitution of Texas gives the District Court jurisdiction of matters affecting minors. Appellees with the minors had lived in Johnson County, Texas since January 1977, and filed this case November 29, 1977. Johnson County had jurisdiction to adjudicate visitation and support payments. *Peacock v. Bradshaw*, 145 Tex. 68, 194 S.W.2d 551.

Moreover, Section 11.04 Texas Family Code authorized the filing of this case in Johnson County, Texas.

■ Jurisdiction having attached on filing of this suit in Johnson County, it cannot be taken away or arrested by the subsequent proceedings filed in California on January 31, 1978. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063.

■ And the rule is that mere pendency of a suit in one State will not be grounds for abating a suit in another State between the same parties and involving the same subject matter. *Mills v. Howard*, Tex.Civ. App. (Amarillo) NWH, 228 S.W.2d 906; *Ev-*

216

ans v. Evans, CCA (San Antonio) NWH, 186 S.W.2d 277; *Cohen v. Cohen*, Tex.Civ.App. (Austin) NWH, 194 S.W.2d 273.

Point 3 is overruled.

Point 4 contends the trial court erred in refusing to allow appellant to take the children out of Texas for visitation purposes until the custody action pending in California was dismissed with prejudice.

When a suit is filed as here in a court of competent jurisdiction, and all necessary parties are before it, it is entitled to proceed to judgment, and may protect its jurisdiction by enjoining the prosecution of a suit subsequently filed involving the same controversy. *Cleveland v. Ward*, supra; *Anderson v. Young*, 128 Tex. 631, 101 S.W.2d 798; *PPG Industries, Inc. v. Continental Oil Co.*, Tex.Civ.App. (1 Houston) NRE, 492 S.W.2d 297; *Barr v. Thompson*, Tex.Civ.App. (Dallas) NWH, 350 S.W.2d 36.

Under the facts of this case and the foregoing authorities we think the trial court authorized to refuse to allow appellant to take the children out of Texas until the custody case he filed subsequent to this case in California be dismissed with prejudice.

Contention 4 is overruled.

AFFIRMED.