Opinion issued October 2, 2008.










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00601-CV




IN RE DAVID HENRY, Relator




Original Proceeding on Petition for Writ of Mandamus




******




NO. 01-07-00622-CV




DAVID HENRY, Appellant

v.

JAMES MCMICHAEL AND ELIZABETH ANN KOEHLER, CO-INDEPENDENT
EXECUTORS OF THE ESTATE OF W. T. MCMICHAEL, AND CATHERINE
MCMICHAEL, Appellees




On Appeal from County Court at Law Number 1 and Probate Court
Brazoria County, Texas
Trial Court Cause No. PR029090-A




OPINION ON MOTION FOR REHEARING

        On April 24, 2008, this Court issued an opinion affirming the trial court's
judgment. Appellant David Henry filed a motion for rehearing. After due
consideration, we deny Henry’s motion for rehearing, but withdraw our opinion and
substitute the following. Our judgment in this case remains unchanged. 
          On interlocutory appeal, relator, David Henry alleges that the Brazoria County
trial court erred in temporarily enjoining his prosecution of an action in Harris County
because (1) the Brazoria County Court has dominant jurisdiction over the Brazoria
County Court and (2) neither the application for temporary injunction filed in
Brazoria County nor the evidence submitted in support of that application satisfies
the requisites for injunctive relief under Texas Rule of Civil Procedure 680. Henry
also petitions this Court for a writ of mandamus directing the Brazoria County trial
court to set aside its order denying his motion to abate, by which the court effectively
asserts dominant jurisdiction.


 
          We conclude that the Brazoria County trial court has dominant jurisdiction
over the claims asserted in Harris County and the Brazoria County Court did not err
in issuing the temporary injunction. Henry’s petition for writ of mandamus is denied. Background
          W.T. McMichael and Henry were joint owners of Girard Holdings. In 1997,
W.T. and Henry entered into a Stock Purchase Agreement (the “Agreement”) for their
ownership interests in Girard Holdings. The Agreement provided that, if one died,
the other would have the right to purchase his stock in Girard Holdings for a price
based on the stock’s book value at the time of death. W.T.’s wife, Catherine
McMichael, also signed the Agreement. 
          W.T. died on May 16, 2006. Four months later, Henry attempted to exercise
his right to buy W.T.’s 1000 shares of Girard Holdings for approximately $148,000. 
After Henry sent a demand letter, Catherine McMichael refused to sell the stock to
him, alleging that the stock was actually worth between $2 and $4 million at the time
of W.T.’s death and that the book value did not reflect the true value of the stock. 
          On September 1, 2006, Catherine, along with James McMichael and Elizabeth
Ann Koehler, Catherine’s children and independent co-executors of W.T.’s estate
(collectively “the McMichaels”), filed an action for damages against Henry in
Brazoria County, where W.T. resided at the time of his death. In this action, the
McMichaels, on behalf of the estate, asserted claims against Henry for breach of
fiduciary duty, fraud/misrepresentation, unjust enrichment, and for a declaratory
judgment that those wrongful acts rendered the Agreement unenforceable. Henry
filed a motion to abate in Brazoria County and a motion to transfer venue to Harris
County. 
          Two weeks later, on September 13, 2006, Henry sued the McMichaels in Harris
County, seeking specific performance of the Agreement and asserting a breach of
contract claim based on the Agreement. The McMichaels filed a motion to transfer
venue to Brazoria County, and they later filed a plea in abatement in the Harris
County case, arguing that the Brazoria County Court had dominant jurisdiction
because the two lawsuits were the same and because they filed their lawsuit first in
Brazoria County. 
          In November 2006, after a non-evidentiary hearing, the Harris County Court
denied the McMichaels’ plea in abatement. Henry supplemented his motion to abate
in the Brazoria County Court, attaching a copy of the Harris County Court’s order
denying the McMichaels’ plea. After a hearing and receiving further evidence from
the parties, the Brazoria County Court denied Henry’s motions to abate and to
transfer venue. 
          Henry subsequently filed a motion for partial summary judgment in Harris
County. The McMichaels then refiled their plea in abatement in Harris County,
attaching a copy of the Brazoria County Court’s order denying Henry’s motions to
abate and transfer venue. The Harris County Court again denied the McMichaels’
plea in abatement, and the McMichaels requested a continuance on Henry’s motion
for partial summary judgment, which the trial court granted.
          The next week, the McMichaels filed an application for temporary restraining
order (“TRO”) in Brazoria County, and, on June 18, 2007, the Brazoria County Court
granted an ex parte TRO finding that it had dominant jurisdiction and prohibiting
Henry from proceeding with (1) a hearing on his motion for partial summary
judgment in the Harris County case and (2) prosecution of the Harris County case. 
Nine days later, the trial court, after hearing testimony from the McMichaels’
attorney, granted a temporary injunction on the same terms as the TRO.
          Henry filed this petition for writ of mandamus on June 26, 2007, challenging
the Brazoria County Court’s order denying his motion to abate.


 The next day, the
Brazoria County Court signed an order for temporary injunction. Henry then filed
this interlocutory appeal of the temporary injunction order. 
                            Interlocutory Appeal–Temporary Injunction
          In this interlocutory appeal, Henry asserts that the Brazoria County trial court
erred in issuing a temporary injunction enjoining his prosecution of the Harris County
action because (1) the Harris County Court has acquired dominant jurisdiction over
the Brazoria County Court under the estoppel exception to the general rule of
dominant jurisdiction and (2) neither the McMichaels’ application for temporary
injunction nor the evidence submitted in support of that application satisfies the
requisites for injunctive relief under Texas Rule of Civil Procedure 680. 
Standard of Review
            Texas state courts have the power to restrain persons from proceeding with
suits filed in other courts of this state by granting an “anti-suit injunction,” abating
proceedings in a second forum. Gannon v. Payne, 706 S.W.2d 304, 305 (Tex. 1986). 
The trial court’s decision is reviewed under an abuse of discretion standard. Id. A
trial court abuses its discretion when it misapplies the law to the established facts of
the case. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex.
1985).
Dominant Jurisdiction
          In his first issue, Henry argues that, although the Harris County action was not
the first to be filed, under the estoppel exception to the general rule of dominant
jurisdiction, the Harris County Court acquired dominant jurisdiction by denying the
McMichaels’ plea of abatement before the Brazoria County Court denied Henry’s
plea in abatement. 
          The general rule of dominant jurisdiction is that, where a suit would be proper
in more than one county, the county in which the suit was first filed acquires
dominant jurisdiction to the exclusion of other counties of equal stature. Curtis v.
Gibbs, 511 S.W.2d 263, 267 (Tex. 1974); Lamar Sav. Ass’n v. White, 731 S.W.2d
715, 716 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding). “As long as the
forum is a proper one, it is the plaintiff’s privilege to choose the forum.” Wyatt v.
Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988). Accordingly, we must first
determine whether Brazoria County would be a proper venue for the McMichaels’
action. Venue in Brazoria County
          Section 15.002(a)(1) of the Civil Practices and Remedies Code provides that
venue for an action is proper in the county in which “all or a substantial part of the
events or omissions giving rise to the claim occurred.” Tex. Civ. Prac. Rem. Code 
§ 15.002(a)(1). Venue may be proper in more than one county under the venue rules. 
See, e.g., GeoChem Tech Corp. v. Verseckes, 962 S.W.2d 541, 544 (Tex. 1998). In
general, plaintiffs are allowed to choose venue first, and the plaintiff’s choice of
venue cannot be disturbed as long as the suit is initially filed in a county of proper
venue. KW Constr. v. Stephens & Sons Concrete Contractors, Inc., 165 S.W.3d 874,
879 (Tex. App.—Texarkana 2005, pet. denied); Gerdes v. Kennamer, 155 S.W.3d
541, 529 (Tex. App.—Corpus Christi 2004, no pet.); Chiriboga v. State Farm Mut.
Auto. Ins. Co., 96 S.W.3d 673, 678 (Tex. App.—Austin 2003, no pet.). 
          A trial court must consider all venue facts pled by the plaintiff as true, unless
they are specifically denied by an adverse party. See Tex. R. Civ. P. 87(3)(a). Once
the adverse party specifically denies venue facts, the plaintiff must then respond with
prima facie proof of that venue fact. Id. “Prima facie proof is made when the venue
facts are properly pleaded and an affidavit, and any duly proved attachments to the
affidavit, are filed fully and specifically setting forth the facts supporting such
pleading.” Id. This prima facie proof is not subject to rebuttal, cross-examination,
impeachment, or disproof. Ruiz v. Conoco, Inc., 868 S.W.2d 752, 757 (Tex. 1993);
Chiriboga, 96 S.W.3d at 678. On appeal, the trial court’s determination that venue
is proper in a particular county will be upheld if there is any probative evidence
supporting venue in the county of suit, even if the evidence preponderates to the
contrary. Chiriboga, 96 S.W.3d at 678 (citing Bonham State Bank v. Beadle, 907
S.W.2d 465, 471 (Tex. 1995)). 
          In this case, the McMichaels allege that venue is proper in Brazoria County and
offered probative evidence, in affidavit form, that a substantial part of the omissions
serving as the basis for their tort claims occurred in Brazoria County. The crux of the
their claims is that, after W.T. became disabled and before his death, Henry failed to
develop a fair price under the Agreement for the Girard stock with him. The
McMichaels allege that, after W.T. became disabled, Henry met with him on four
occasions at a nursing home in Brazoria County regarding the business of Girard but,
despite these four meetings, the two men did not discuss the issue and did not set a 
new price for the Girard stock. The McMichaels allege that Henry’s failure to discuss
and set a new price during these four meetings resulted in the harm forming the basis
of their claims. Accordingly, we find that the McMichaels have presented prima facie
proof establishing that venue of their claims is proper in Brazoria County. Since the
Brazoria County suit was the first to be filed, Brazoria County has dominant
jurisdiction. See Curtis v. Gibbs, 511 S.W.2d at 267.The Estoppel Exception Next, we examine whether the estoppel exception deprives the Brazoria County
Court of dominant jurisdiction in this case. Estoppel is a long-established exception
to the general rule of dominant jurisdiction. See, e.g., V.D. Anderson Co. v. Young,
128 Tex. 631, 636–37, 101 S.W.2d 798, 800 (1937). Under this doctrine, a plaintiff
who filed the first suit may be estopped from asserting the dominant jurisdiction of
the first court if it is found that he is guilty of inequitable conduct. Id. at 800. If
raised, estoppel is a fact issue that must be determined by the trial court where the
plea in abatement is filed. Parr v. Hamilton, 437 S.W.2d 29, 31 (Tex. Civ.
App.—Corpus Christi 1968, no writ).
          Texas courts have found parties guilty of inequitable conduct and applied the
estoppel exception where the plaintiffs in the first-filed action (1) had filed suit
merely to obtain priority, without a bona fide intention to prosecute the suit or (2) had
prevented their adversaries from filing the subsequent suits more promptly by
fraudulently representing that they would settle. Russell v. Taylor, 121 Tex. 450,
458–59, 49 S.W.2d 733, 736 (1932); Johnson v. Avery, 414 S.W.2d 441, 443 (Tex.
1966). Henry argues that the fact that the Harris County Court ruled on the
McMichaels’ plea in abatement before the Brazoria County Court ruled on Henry’s
plea in abatement vests the Harris County Court with dominant jurisdiction and
estops the McMichaels from asserting that the Brazoria County Court has dominant
jurisdiction. Henry misconstrues the case law—the mere fact that a second court is
the first to rule on a plea in abatement does not estop the proponent of the plea from
continuing to assert the dominant jurisdiction of the court where the action was first
filed, nor does it vest the second court with dominant jurisdiction. See Curtis, 511
S.W.2d at 267. To acquire dominant jurisdiction under the estoppel exception, the
second court must also resolve the issue of estoppel against the proponent of the plea
in its ruling. See id. 
              Henry argues the trial court’s denial of the McMichael’s plea in abatement
must be read as an implicit finding that the McMicheals’ were guilty of inequitable
conduct and therefore estopped from asserting the dominant jurisdiction of the
Brazoria County Court. We disagree. 
          The Harris County Court never made a finding as to the estoppel exception.
Such a finding is not implicit in the court’s denial of the plea because Henry did not
raise the estoppel exception in his response to the McMichael’s plea in abatement.
Henry claims that he adequately raised the issue by alleging in his response to the
McMichael’s plea of abatement that (1) the McMichaels filed the Brazoria County
action after Henry made a formal demand for the McMichaels to comply with the
Agreement and (2) the Brazoria County action was filed “in an effort to force Henry
to pay more for the stock than is required under the [Agreement].” Even construing
Henry’s response liberally, the bare recitation of these allegations, without more, does
not suffice to raise the estoppel exception to dominant jurisdiction. Nor has Henry
provided us with any persuasive authority that he is not required to plead this defense
before the trial court may implicitly find that a party is estopped from asserting the
rule of dominant jurisdiction. See Tex. R. Civ. P. 94. Furthermore, we doubt whether
the facts as alleged in this case would support a finding of estoppel. See, e.g., 
Russell v. Taylor, 121 Tex. 450, 458–59, 49 S.W.2d 733, 736 (1932); Johnson v.
Avery, 414 S.W.2d 441, 443 (Tex. 1966). Accordingly, we hold that the estoppel
exception does not divest the Brazoria County Court of its dominant jurisdiction in
favor of the Harris County Court. We overrule issue one.
Anti-Suit Injunction
          In his second issue, Henry argues that the Brazoria County Court erred in
granting the anti-suit injunction because the McMichaels did not satisfy the high
threshold set by case law for such injunctions between courts, and because the
injunction did not meet the requisites of injunctive relief generally under the Texas
Rules of Civil Procedure .
          When a party files suit in a court of competent jurisdiction, that court acquires
dominant jurisdiction, entitling it to proceed to judgment and to protect its
jurisdiction by enjoining the parties from proceeding in a suit subsequently filed in
another court of this state. Perry v. Del Rio, 66 S.W.3d 239, 252 (Tex. 2001);
Gannon v. Payne, 706 S.W.2d 304, 305 (Tex. 1986) (“Texas state courts do have the
power to restrain persons from proceeding with suits filed in other courts of this
state.”); Cleveland v. Ward, 285 S.W. 1063 (Tex. 1926) (explaining that dominant
jurisdiction vests a court with exclusive power over a controversy and parties, noting,
“Courts are erected to settle controversies, not to multiply them.”), overruled on other
grounds by Walker v. Packer, 827 S.W.2d 833, 842 (Tex.1992). Indeed, such
injunctions are authorized under Section 65.011(2) of the Texas Civil Practice and
Remedies Code. Tex. Civ. Prac. Rem. Code Ann. § 65.011(2) (“A writ of
injunction may be granted if . . . a party performs or is about to perform or is
procuring or allowing the performance of an act relating to the subject of pending
litigation, in violation of the rights of the applicant, and the act would tend to render
the judgment in that litigation ineffectual.”).
          With respect to anti-suit injunctions issued against proceedings in other states,
the Texas Supreme Court has observed that such injunctions are appropriate to (1) 
address a threat to the court’s jurisdiction; (2) prevent the evasion of important public
policy; (3) prevent a multiplicity of suits; or (4) protect a party from vexatious or
harassing litigation. Golden Rule Ins. Co. v. Harper, 925 S.W.2d 649, 651 (Tex,
1996). In light of the principle of comity and respect between sovereign states, the
party seeking the injunction must also show that “a clear equity demands” the
injunction. Id. In Gonzalez v. Reliant Energy, Inc., the Texas Supreme Court applied
these factors to anti-suit injunctions issued between Texas courts, where venue would
have been proper in only one of the courts at issue. 159 S.W.3d 615, 623 (Tex. 2005)
(specifically noting that the concept of dominant jurisdiction was inapplicable to that
case).
          By their own language, however, neither Gonzalez nor Golden Rule directly
apply to the case at hand. Instead, this case involves two Texas district courts in
separate counties, one of which has properly acquired dominant jurisdiction over the
other. This case is therefore governed by the principles set forth in Perry, Gannon and
Cleveland.
          In Perry, the Supreme Court addressed duplicative lawsuits filed in two
separate Texas counties as follows:
It is not unusual for parties with a choice of forums to prefer one over
another, and when more than one party can sue on the same subject
matter, they may choose difference courts. As a rule, when cases
involving the same subject matter are brought in different courts, the
court with the first-filed case has dominant jurisdiction and should
proceed, and the other cases should abate. The obvious reasons for
abatement, as we explained in Wyatt v. Shaw Plumbing Co., are the
conservation of judicial resources, avoidance of delay, “comity,
convenience, and the necessity for an orderly procedure in the trial of
contested issues”-or as we put it in Cleveland v. Ward, to “prevent races
from court to court by vigilant counsel”. The first-filed rule also has
several justifications. The jurisprudential reason for the rule is that once
a matter is before a court of competent jurisdiction, “its action must
necessarily be exclusive” because it is “impossible that two courts can,
at the same time, possess the power to make a final determination of the
same controversy between the same parties.” A pragmatic justification
for the first-filed rule is efficiency: proceedings earlier begun may be
expected to be earlier concluded. A further justification is simple
fairness: in a race to the courthouse, the winner's suit should have
dominant jurisdiction.

66 S.W.3d at 252 (internal citations omitted). As noted in Perry, the problem of
duplicative litigation is usually resolved by pleas in abatement in the latter court. Id.
This, however, is not always the rule. Accordingly, in Gannon, the Supreme Court
acknowledged that, “when a suit is filed in a court of competent jurisdiction, that
court is entitled to proceed to judgment and may protect its jurisdiction by enjoining
the parties to a suit subsequently filed in another court of this state.” 706 S.W.2d
304. In Cleveland, the Supreme Court resolved cross-injunctions issued by courts in
Johnson County and Dallas County, and explicitly authorized the Johnson County
Court, the court with dominant jurisdiction, to issue “an injunction enjoining the
parties to the second action from maintaining it.” 285 S.W. at 1071. The Brazoria
County Court has issued exactly such an injunction here. 
          While either Harris County or Brazoria County may have been a proper choice
for the McMichaels to file their lawsuit, once they filed suit in Brazoria County,
Brazoria County acquired dominant jurisdiction. This dominant jurisdiction vests the
Brazoria County Court with the power to protect its jurisdiction over the parties and
the issues before it by enjoining Henry from proceeding to hearing on his motion for
summary judgment in Harris County, or further prosecution of his lawsuit in Harris
County. Further, to the extent that the Golden Rule factors need be considered, we
note that the Brazoria County Court’s injunction was issued to protect its dominant
jurisdiction over the parties and issues before it, that it was issued only after the
Harris County Court denied the McMichaels’ plea in abatement and set Henry’s
motion for summary judgment for hearing, and that requiring parties to pursue
duplicative litigation in improper venues wastes judicial resources and is, in itself, 
inequitable. Fleming v. Ahumada, 193 S.W.3d 704, 714–15 (Tex. App.—Corpus
Christi 2006, no pet.) (where party was being forced to litigate second suit in
improper forum, “clear equity” supported anti-suit injunction). See also Gonzalez
v. Reliant Energy, Inc., 159 S.W.3d 615, 623 (Tex. 2005) (noting, “It has long been
the policy of the courts and the legislature of this state to avoid a multiplicity of
lawsuits” and refusing to require Reliant Energy to defend itself in two forums
simultaneously).
          Finally, we address Henry’s contention that the Brazoria County Court’s
temporary injunction did not satisfy the Texas Rules of Civil Procedure. Henry,
relying on this Court’s holding in Manufacturers’ Hanover Trust Company v.
Kingdom Investors Corp., 819 S.W.2d 607 (Tex. App.—Houston [1st Dist.] 1991, no
writ), argues that a party seeking an anti-suit injunction is also required to establish
a probable right of recovery in the underlying lawsuit, irreparable harm, and that no
adequate remedy at law exists. His reliance on this case for such a requirement is
misplaced. First, we note that Manufacturers Hanover Trust was decided before the
Texas Supreme Court’s Gonzalez opinion, which did not require a showing of these
elements for an anti-suit injunction issued under the trial court’s equitable powers. 
See Gonzalez, 159 S.W.3d. at 623 (“Both the need to protect the Harris County
Court’s jurisdiction and ‘clear equity’ justified an anti-suit injunction.”). 
          Here, the pleading for injunctive relief set out the bare facts regarding the
dispute between the parties, alleging a special relationship between Henry and W.T.
McMichael, Henry’s failure to disclose material facts to the McMichaels, as well as
Henry’s unjust enrichment. The petition also set out the facts giving rise to the
Brazoria County Court’s dominant jurisdiction, and stated that Henry had failed to
comply with his discovery obligations. Attached to the petition were documents
provided to substantiate Henry’s failure to cooperate with his discovery obligations.
The petition further alleged that, because the Harris County Court was proceeding to
summary judgment before adequate discovery in the case had been conducted, the
McMichaels would be irreparably injured and the Brazoria County Court would be
deprived of its jurisdiction. 
          At the injunction hearing, the Brazoria County Court heard testimony from the
McMichaels’ attorney regarding the Brazoria County Court’s dominant jurisdiction,
the pendency of the summary judgment hearing in Harris County and the
McMichaels’ need for additional discovery before any dispositive motions were heard
in either court. The docket sheet from the Harris County Court was introduced into
evidence, as was a transcript of a hearing held in the Harris County Court between the
date of issuance of the temporary restraining order and the hearing on the temporary
injunction. In this hearing, Henry’s attorney reaffirmed his desire to continue to
prosecute the Harris County suit and the summary judgment motion in that court. 
          Under these facts, we believe that the pleadings and evidence were sufficient
to support the Brazoria County Court’s entry of the temporary injunction protecting
its dominant jurisdiction. Accordingly, we hold that the trial court did not err in
granting the McMichaels’ temporary injunction, and we overrule issue two. 
Mandamus–Motion to Abate
          Finally, Henry filed a petition for writ of mandamus asserting that the Brazoria
County Court erred in denying his motion to abate.
          Mandamus relief is available only to correct a “clear abuse of discretion” when
there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992). Mandamus relief may be granted when one court actively interferes with the
jurisdiction of another court. In re Reliant Energy, Inc., 159 S.W.3d 624, 626 (Tex.
2005) (orig. proceeding). In this case, as shown above, because the Brazoria County
trial court had dominant jurisdiction over the Harris County action, the Brazoria
County trial court did not abuse its discretion in denying Henry’s motion to abate. 
Accordingly, we deny the petition for writ of mandamus. 
ConclusionWe hold that the trial court did not err in granting the McMichaels’ temporary
injunction. We further hold that the trial court did not abuse its discretion by denying
Henry’s motion to abate. Accordingly, we affirm the order of the trial court granting
the temporary injunction and deny Henry’s petition for mandamus.
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Hanks, and Higley.