Lyle D. FELCH, Appellant,

v.

Freda I. FELCH, Appellee.

No. 6214.

Court of Civil Appeals of Texas, Waco.

Sept. 11, 1980.

Rehearing Denied Oct. 2, 1980.

Robert A. Canonico, McClintock, Herring, Youts & Canonico, Waco, for appellant.

Freda I. Felch, pro se.

## OPINION

JAMES, Justice.

This is a divorce case. Appellee Freda I. Felch brought this suit in a District Court of McLennan County, Texas, against Appellant Lyle D. Felch for divorce, custody of their three minor children, division of the community property, and attorney's fees. Appellant Lyle D. Felch, a resident of the State of Washington, filed a Special Appearance under Rule 120a, Texas Rules of Civil Procedure, and subject thereto, his answer and cross action.

After a hearing on Mr. Felch's Special Appearance, the trial court overruled same and immediately proceeded to trial on the merits of the case. After hearing on the merits, the trial court entered judgment wherein Mrs. Felch was awarded a divorce, she was appointed managing conservator of the three children, all of whom were under

18 years of age; Mr. Felch was granted possessory conservator's rights with further provisions that Mr. Felch pay $500.00 per month child support, plus $500.00 attorney's fees to Mrs. Felch's attorney, and for division of the community property. Mr. Felch was not personally present during these proceedings in the trial court, although his attorney was present.

Mr. Felch appeals upon three points of error, asserting error on the part of the trial court in (1) overruling Appellant's Special Appearance; (2) proceeding to trial on the merits without evidence (Appellant says) showing notice to Appellant's lawyer; whereby (3) Appellant was deprived of due process. We overrule all of Appellant's points and contentions and affirm the trial court's judgment.

Appellant and Appellee were first married in Austin, Texas, in 1965; they were divorced sometime in 1970 by a decree of the District Court of Oldham County, Texas; they thereafter remarried in Texas on November 5, 1970; they had three children born to their marriages who were of the following ages respectively at the time of trial, to wit: Starla Genean, a girl 13 years old, Gayle Elaine, a girl 11 years old, and Lyle Duane, a boy 6 years old; that at some time after their second marriage (undisclosed by the record), the parties made their home in the State of Washington; that on or about January 27, 1979, Mrs. Felch and the three children came to Waco, McLennan County, Texas, whereupon they established residence in Waco, Texas; Mrs. Felch filed this suit for divorce against Mr. Felch on August 13, 1979, and service of process was served upon Mr. Felch on September 7, 1979; Mr. Felch filed a suit against Mrs. Felch for divorce in the State of Washington on August 20, 1979, whereupon service for same was had upon Mrs. Felch at a time prior to September 7, 1979. On August 20, 1979, the same date that Mr. Felch filed the Washington suit, the Washington court entered a temporary order based upon Mr. Felch's motion and affidavit, awarding him temporary custody of the three children. The children were at that time in the possession of Mr. Felch in the State of

Washington, they having been with him there since sometime in the early part of August 1979. Although the evidence is somewhat vague, it seems that the children had gone for a temporary visit with their father at the time Mr. Felch brought his Washington suit.

■ We revert to Appellant's first point, wherein he contends the trial court erred in overruling his Special Appearance. As we understand Appellant's contention, he is arguing that the (Texas) trial court had no jurisdiction over the children because the children's domicile was in the State of Washington. Appellant says since the children were in his possession lawfully and were residing with him in Washington at the time of trial, and that he had them under a temporary order of managing conservatorship, that the Texas court had no jurisdiction over them. We do not agree. The record before us clearly shows that the domicile of these children was with their mother in Waco, Texas, at the time of trial, and had been since January 1979; that their presence in Washington for a temporary visit did not alter the fact that their domicile was in Texas.

Moreover, Mrs. Felch's Texas suit was filed on August 13, 1979, a time prior to the filing of Mr. Felch's Washington suit on August 20, 1979. Jurisdiction having attached on the *filing* of Mrs. Felch's suit in McLennan County, Texas, it cannot be taken away or arrested by the subsequent proceedings *filed* by Mr. Felch in Washington. See *Mayo v. Hall* (Waco Tex.Civ.App.1978) 571 S.W.2d 213, no writ, following the rule laid down by our Supreme Court in *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063.

Appellant's two remaining points of error assert the trial court erred in proceeding to trial on the merits immediately after overruling his plea to the jurisdiction. At the time the trial court overruled Appellant's Special Appearance Plea, Appellant's counsel made an oral motion for continuance, stating that he was not prepared for trial on the merits for the reason that Mr. Felch was not present and he therefore could not

properly present his defense. The trial court overruled this motion and proceeded to trial on the merits.

The matter of granting or refusing a continuance rests with the sound discretion of the trial court, and his order will not be disturbed on appeal in the absence of a showing of abuse of discretion. *Hernandez v. Heldenfels* (Tex.1963) 374 S.W.2d 196, 202. In the case at bar, no testimony or affidavits were presented regarding the reason for Mr. Felch's absence, his probable presence in court at any time in the future, or what he would be expected to testify to had he been personally present. See Rules 251, 252, Texas Rules of Civil Procedure. In this state of the record, we cannot say the trial court abused its discretion.

We have carefully considered all of Appellant's points and contentions and have overruled same. Judgment of the trial court is accordingly affirmed.

AFFIRMED.