James Edward SWINK, Appellant,

v.

Robin SWINK, Appellee.

No. 12–87–00204–CV.

Court of Appeals of Texas, Tyler.

Jan. 29, 1988.

Don Carroll, Ireland, Kelley & Carroll, Tyler, for appellant.

Sam George, Rowan, George & Parker, Tyler, for appellee.

Before SUMMERS, C.J., and BILL BASS and COLLEY, JJ.

COLLEY, Justice.

Petitioner/appellant, James Edward Swink, appeals from an order sustaining in part a plea in abatement filed by respondent/appellee, Robin Swink, in a divorce and child custody suit involving the Uniform Child Custody Jurisdiction Act, Tex. Fam.Code Ann. § 11.51–11.75 (Vernon 1986).[1]

The principal issue before us is whether the 321st Judicial District Court of Smith County has jurisdiction under the Act to determine the conservatorship of the child born as issue of the marriage of the parties in this appeal.

Appellant contends that Texas is the "home state" of the child under the Act, and that the court erred in dismissing his suit for determination of conservatorship of the child.

Appellee contends that the court below has no jurisdiction over the child under the provisions of the Act, and that the court correctly sustained her plea in abatement resulting in the dismissal of appellant's parent/child relationship suit.

Appellee asserts a cross-point of error claiming the trial court erred in not dismissing appellant's divorce suit.

We affirm.

■ The record before us reveals that the parties lived in Tyler for a time after their marriage and then moved to Waco, Texas, where appellant attended a vocational college for two years, training as an airplane pilot. While he was attending school in Waco, the child Heather was born. Upon completion of the course at the Waco school (T.S.T.I.), the family moved back to Tyler and lived there for approximately six months. In December, 1986, the parties moved to Prescott, Arizona, so that appellant could continue his education and training.

Sometime in August, 1987, the parties separated and shortly thereafter appellant left Arizona with the child and returned to Texas. On September 22, 1987, appellant filed a divorce suit which included a suit to determine the conservatorship of Heather. Appellee remained in Arizona where she still lives, and on September 30, 1987, she filed a divorce suit in the Superior Court of Yavapai County, Arizona.

On October 4, 1987, appellee came to Tyler to attend a court hearing in the Smith County case which was to be conducted on October 5, 1987, on appellant's application for temporary orders (including an order for temporary custody) and temporary injunction. On October 5, 1987, appellee filed a plea in abatement in the Smith County suit, alleging, in part, that under the Uniform Child Custody Jurisdiction Act, the Smith County District Court had no jurisdiction over the child Heather for the purpose of determining her custody. Following a hearing before the court, the trial judge sustained appellee's plea in abatement respecting appellant's suit seeking appointment of managing and possessory conservators for the child and dismissed the suit affecting the parent-child relationship.

Section 11.51 sets forth the purposes of the Act. In pertinent part, the section reads:

(a) The general purposes of this [Act] are to:

1. All references to sections herein are to the Uniform Child Custody Jurisdiction Act; some-  times called the Act, unless otherwise noted.

(1) avoid jurisdictional competition and conflict with courts of other states in matters of child custody....;

. . . .

(5) deter abductions and other unilateral removals of children undertaken to obtain custody awards; ....

. . . .

(9) make uniform the law of those states that enact it.

(b) This [Act] shall be construed to promote the general purposes stated in this section.

Section 11.52 defines various terms and phrases, and as pertinent here defines "Home State" to mean:

[T]he state in which the child immediately preceding the time involved lived with his parents, a parent.... for at least six consecutive months.... Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.

Section 11.53 provides that a Texas court with subject matter jurisdiction has jurisdiction under the Act to determine child custody if Texas is the child's home state or if the facts show that Texas "had been the child's home state within six months before the date of the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent ... continues to live in this state...." *See* section 11.-53(a)(1)(B). In addition, section 11.53(a)(2) provides that a Texas court could have jurisdiction if no other state has jurisdiction to determine custody of the child pursuant to subsection (a)(1)(A) or (a)(1)(B).

It is clear from the facts before us that Texas does not qualify under the Act as the home state of the child. It is likewise clear that the Arizona court, but not the Texas court, has jurisdiction under section 11.-53(a)(1)(B) to determine Heather's conservatorship. Therefore, the provisions of section 11.53(a)(2)(A), (B) are inapplicable here. The provisions of section 11.-53(a)(3)(A) and (B) and subsection (4)(A)

and (B) are likewise inapplicable to the facts before us. Appellant's contentions are overruled.

■ Appellee complains by cross-point that the trial court erred in overruling his "plea in abatement as to the Texas suit for divorce." We note that an order or judgment *overruling* a plea in abatement is interlocutory in character and no appeal lies therefrom. *Johnson v. Avery*, 414 S.W.2d 441, 443 (Tex.1966).

Appellee's cross-appeal is dismissed.

On December 9, 1987, in an original proceeding [2] ancillary to this appeal, we granted appellant's (Relator's) petition for an injunction thereby enjoining appellee (Respondent) from prosecuting her suit in Cause No. 49323 on the docket of the Superior Court of Yavapai County, Arizona, as to the conservatorship of the child, Heather Juliette Swink, pending the appeal in this cause. Now that we have decided this cause in favor of appellee, we dissolve that writ of injunction, and it is so ordered.

The judgment is affirmed.